UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00153 (RBW) |
| ) | |
| DANIEL GOODWYN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF CERTAIN LANGUAGE, TERMS AND FALSE ASSOCIATIONS

Comes now the Defendant, Daniel Goodwyn, by and through his undersigned attorney Joseph Daniel McBride, and respectfully files this motion *in limine* to preclude the Government's use of, or elicitation through its witnesses and evidence, of falsehoods, crimes not charged, dismissed charges, non-convictions, and other inflammatory language, terms, and allegations that are not inherent in or relevant to the crimes charged. He requests a hearing, and submits terms and references whose value, if any, is significantly outweighed by their proclivity to provoke an emotional response from the jury, as well as the unfair prejudice and jury confusion that is certain to occur from admission. Mr. Goodwyn requests that this Court order the exclusion of:

1. Irrelevant and highly prejudicial terms: "mob," "rioter," "traitor," "terrorism," "terrorist," "insurrection," "insurrectionist," "treason," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "threat to democracy," "attack on Congress," "white supremacy/supremacists," "police killed," "COVID-19 Mask and vaccine mandates," and other inflammatory, stereotypical language related to groups such as the "Three Percenters, '"Proud Boys" and "Oath Keepers."

2. Any references to places and events on the grounds or in the Capitol where he did not go or participate in, such as chanting "Hang Mike Pence" or the simulated gallows.

3. Summary witnesses that testify about things and places surrounding the events of January 6 that have nothing directly to do with Mr. Goodwyn or his charges. This includes the interior of the Capitol such as the Rotunda, Nancy Pelosi's many offices, the Crypt, the Memorial doors, the

breaching of the Senate doors, the Hall of Columns, the "west tunnel," and any other places and activity irrelevant to Mr. Goodwyn's conduct.

4. Any news reports, affidavits, or video from or after January 6, 2021, that mention police personnel who died as a result of January 6 events. No police were killed by events at the Capitol on January 6, 2021 and Mr. Goodwyn was not involved in any violence.

5. Any reference to lawsuits or the impeachment involving President Trump. Reference to civil lawsuits and impeachment claims, statements, and assertions should be prohibited as unrelated, highly prejudicial, and overall irrelevant. Mr. Goodwyn is not an attorney and the legal significance of these matters is irrelevant to Mr. Goodwyn's conduct on January 6, 2021 and should be excluded.

6. Other items to be excluded include photographs, videos, texts, messages, and email taken from Mr. Goodwyn's phone that are unrelated to this case. Any data not related to the events of January 6th including, but not limited to his personal life, should be excluded as irrelevant.

7. Any reference to his 2nd Amendment opinions, events and groups that Mr. Goodwyn supported, spoke at, or wrote about, whether in person or virtual, should be excluded as having no probative value and being irrelevant to this case.

Mr. Goodwyn states the following in support of his request:

I. **INTRODUCTION**.

There is no possible dispute that the legacy media and social media are inundated with references to January 6th defendants as "insurrectionists," "terrorists," a "mob," "rioters," "conspirators," "traitors," and people who "stormed" the U.S. Capitol to "execute a coup" and "end democracy." The January 6th Select Committee includes the words "Attack on the U.S. Capitol" in its title and has been running one-sided show trials on television since July 27, 2021. In

furtherance of advancing its one-sided narrative, the Committee hired a TV producer and advertised across broadcast media, social media, and the Internet. The Committee has also edited video footage in a way that casts all January 6th protestors in the worst possible light, and conflates activity on the east and west side of the Capitol, while repeatedly using the terms mentioned above. Acting in concert with the Committee, the DOJ has also regularly used inflammatory terms in court for crimes that defendants have not been charged with, and actions the defendants were not engaged in. The Speaker of the House, the January 6th Committee, and the United States President continue to promulgate the falsehood that protestors killed police at the U.S. Capitol when only protestors died at the hands of police. President Biden at the start of September 2022 just declared all Make America Great Again (MAGA) policy supporters to be insurrectionists, extremists, and a domestic extremist threat to America. The FBI has gathered evidence and handled J6 defendants' cases as if they were Al Qaida Terrorists, placing many on watch lists and using techniques such as "baseball cards" created by FBI intelligence personnel that are similar to those used overseas to capture or kill Al Qaida, ISIS, and other international terrorists. The U.S. Congress' majority and President have declared all defendants to be guilty of domestic terrorism and insurrection, and the AUSAs have furthered that narrative on the court record in multiple proceedings.

## II.   LEGAL STANDARD

Motions *in limine* are designed to narrow the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). Such motions are an important mechanism of insulating the jury from inadmissible evidence and of adhering to the goal of conducting proceedings "fairly . . . to the end of ascertaining the truth and securing a just determination." *United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015) (citing Fed. R. Evid. 102 and *Banks v. Vilsack*, 958 F. Supp. 2d 78, 82 (D.D.C. 2013)). Rulings on

motions *in limine* in advance of the trial permit counsel to make the necessary strategic determinations. See *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980); *Burns v. Levy*, Civ. No. 13-898, 2019 WL 6465142, at *3 (D.D.C. 2019).

Irrelevant evidence is not admissible. FRE 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would without the evidence; and the fact is of consequence in determining the action." FRE 401. Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. E.g., *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); see *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

The Federal Rules of Evidence direct the court to exclude otherwise admissible evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Prosecutors have an ethical duty to operate with fairness and honesty.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused, when they should properly carry none.

*United States v. Berger*, 295 U.S. 78, 88 (1935).

### III. ANALYSIS

Mr. Goodwyn is not charged with insurrection, seditious conspiracy, terrorism (where there is no U.S. statute for domestic terrorism as a crime) or inciting a riot. He is not a member of the "Proud Boys" or "Oathkeepers," or any militia. He is not a white supremacist or member of any revolutionary group (such as Black Lives Matter which espoused the overthrow of the U.S. Government with no repercussions). He did not enter the House or Senate Chamber. None

of the imagery that the media and Government always superimpose over January 6th Defendants should be used in this Court. He did not bring a firearm to the U.S. Capitol. As the D.C. Circuit has held:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

*United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984); see also *United States v. Hawkins*, 595 F.2d 751, 754 (D.C. Cir. 1978).

The words, terms, and their spoken or visual representations that this motion *in limine* seeks to have excluded are necessary and fundamental to the fair administration of justice in this case. It is necessary to remove any suggestion that Mr. Goodwyn's conduct and intent align with the widely used stereotypical descriptions of people that he was not with, and for crimes for which he is not accused. The jury should not be swayed to find him guilty based on false descriptors and political or social problems. Moreover, given the distinction of these words from the crimes charged, such use would clearly confuse the issues, mislead, and inflame the jury - who suffered victimhood through months of National Guard occupation after January 6th. See *United States v. Johnson,* 231 F.3d 43, 47 (D.C. Cir. 2000) ("A prosecutor may not make comments designed to inflame the passions or prejudices of the jury. And a prosecutor may not ask jurors to find a defendant guilty as a means of promoting community values, maintaining order, or discouraging future crime."); *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (unfair prejudice relates to "an undue tendency to suggest decision on an improper basis") (quoting Fed. R. Evid. 403, advisory committee's note). Whether used once or many times in the courtroom, the words cannot be

unheard even if stricken from the record.

IV.   **CONCLUSION**

There is no legitimate reason for the Government itself or through its witnesses and audio-visual evidence to use inflammatory words and highly prejudicial descriptions that are not part of the crimes charged or locations where Mr. Goodwyn was present. Any use of visuals or inflammatory words to create an association between Mr. Goodwyn and the alleged acts of others is disingenuous. Importing unrelated social issues can only be an attempt to have the jury divert their attention from evidence and matters related to the case. The use of the items listed for exclusion will only confuse, mislead, and cause unfair prejudice in the jury while unfairly maligning Mr. Goodwyn. Some terms and evidence can only be used in an attempt to create scienter where none existed. The Government needs to prove its case by proving every element of the crimes charged - and not through insertion of terms and presentations with no foundation or evidentiary relevance to the charges. Because the above requested exclusions have no bearing on the charges in this case, and have no probative purpose, the government should not be allowed to pursue a conviction through the deliberate provocation of bias in the jury.

WHEREFORE, Mr. Goodwyn requests that the Court order that the Government may not use or introduce the language, terms, or associations from this motion in any of its statements, witness examinations, documents, or audio or visual presentations. This includes the words on page 1 *supra* such as "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," "COVID mask and vaccine mandates," and other inflammatory and controversial terms such as "Oathkeepers," "Proud Boys," "Three Percenters," and any and all areas of the U.S. Capitol that Mr. Goodwyn never entered.

Dated September 30, 2022                    Respectfully submitted,

/s/ Carolyn A. Stewart

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
E: Carolstewart_esq@protonmail.com

Dated September 30, 2022                    Respectfully submitted,

/s/ Joseph D. McBride, Esq.

Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 30th day of September 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/Carolyn A. Stewart, Esq.
Carolyn A. Stewart, Esq.
Defense Attorney