### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00153 (RBW)** |
| | ) | |
| **DANIEL GOODWYN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE IRRELEVANT WITNESSES AND EVIDENCE

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and respectfully moves this court to preclude the following types of irrelevant and unfairly prejudicial evidence during trial: (1) the actions of law enforcement officers and their interactions with other protestors at the U.S. Capitol on January 6, 2021, whether by video, audio, document, or witness testimony unless the actions specifically involve Mr. Goodwyn at his location; (2) the actions of protesting crowd members at other, unrelated sites and events whether on or off the U.S. Capitol grounds unless there is direct involvement by Mr. Goodwyn related to the charges against him; (3) any threats perceived by members of Congress from protestors; (4) any expert witness on crowd violence and threats; (5) Any testimony or evidence concerning police injuries; (6) any witness testimony or evidence related to damage to any doors, windows, or property inside the Capitol; (7) claiming or insinuating that he ever had direct contact with President Trump; and (8) actions and words by others that manufactures unconstitutional guilt by association as to what others did, said, or otherwise opined, and where he did not affirmatively adopt anything. As set forth below, the above-referenced categories of evidence will provide no probative value, create unfair prejudice, confuse the issues, mislead the jury, cause undue delay, or waste time. Therefore, they should be

precluded pursuant to the Federal Rules of Evidence, Rules 401– 403 and the U.S. Constitution. Mr. Goodwyn asserts the following in support:

I.      **BACKGROUND**.

Since January 6, 2021, legacy and social media news media have been filled with opinions and assertions. This prejudice is unmistakable where January 6 protestors are all referred to as insurrectionists, violent extremists, traitors, terrorists, and a host of other pejorative names. This is compounded by the January 6 Select Committees' "Attack on the U.S. Capitol" eight made for television show trials where no defendant could confront the accusers. These prime time professionally choreographed and produced broadcasts include highly edited and altered video that conflates events on the east and west side of the U.S. Capitol, as well as singling out protestor responses to excessive force and police brutality without showing the police provocation of what is generally termed a "riot." Everyone is labelled as part of a "violent mob." The broadcasts remain on the internet at innumerable sites, from the Committee's homepage to YouTube.

Further exacerbating the situation was President Biden's calling all who support Make America Great Again (MAGA) policy to be domestic extremist threats to America. This is also repeated across legacy and social media news and eternally available on the internet.

Mr. Goodwyn is not charged with insurrection, sedition, conspiracy, terrorism, or any crime of violence. He assaulted nobody and damaged nothing. Mr. Goodwyn was arrested in Texas on January 29, 2021 under a complaint (*see* ECF No. 1) alleging that he violated Title 18, U.S.C. §§ 1752(a)(1) and (a)(2) (entering or remaining in any restricted building or grounds without lawful authority and disorderly and disruptive conduct in a restricted building or grounds, respectively) and Title 40, §§ 5104(e)(2)(D) and (G) (disorderly conduct in a Capitol building and demonstrating, picketing, or parading in a Capitol building, respectively). The charges were

misdemeanors concerning his presence and alleged actions during the January 6, 2021 events at the United States Capitol.

On February 24, 2021 the Government filed an indictment that included the crimes alleged in the complaint at ECF No.1 and added the felony: 18 U.S.C. §§ 1512(c)(2) (Obstruction of an Official Proceeding). ECF No. 6.

On November 15, 2021 the Government filed a superseding indictment that added the crime of 18 U.S.C. § 2,  aiding and abetting, to Count 1. ECF No. 34.

## II.   LEGAL STANDARD.

The overarching law is the U.S. Constitution. Use of evidence not specifically tied to the alleged crimes and conduct by Mr. Goodwyn, whether through video, audio, documents, or through witnesses, that confers guilt upon Mr. Goodwyn because of the actions of others he had no relation with - and as has already been done with the public by the January 6 Select Committee; or by association with legal policy that disagrees with that of Mr. Biden's administration, is a violation of the First, Fifth, and Sixth Amendments to the U.S. Constitution. The Federal Rules of Evidence support excluding irrelevant and highly prejudicial evidence that serves no probative purpose.

Motions *in limine* are designed to narrow the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). Such motions are an important mechanism of insulating the jury from inadmissible evidence and of adhering to the goal of conducting proceedings "fairly . . . to the end of ascertaining the truth and securing a just determination." *United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015) (citing Fed. R. Evid. 102 and *Banks v. Vilsack*, 958 F. Supp. 2d 78, 82 (D.D.C. 2013)). Rulings on motions *in limine* in

advance of the trial permit counsel to make the necessary strategic determinations. See *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980); *Burns v. Levy*, Civ. No. 13-898, 2019 WL 6465142, at *3 (D.D.C. 2019).

Irrelevant evidence is not admissible. FRE 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would without the evidence; and the fact is of consequence in determining the action." FRE 401. Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. E.g., *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); see *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

The Federal Rules of Evidence direct the court to exclude otherwise admissible evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Prosecutors have an ethical duty to operate with fairness and honesty.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused, when they should properly carry none.

*United States v. Berger*, 295 U.S. 78, 88 (1935).

Because the U.S. Constitution and Federal Rules of Evidence support precluding testimony and witnesses who will create unfair prejudice, mislead and confuse the jury, waste time, and cause undue delay, the Court should grant this motion.

## III.    ARGUMENT.

**A.  Actions and Interactions of Law Enforcement Officers With Other Protestors at the Capitol on January 6, 2021, Should be Excluded Unless the Actions Specifically Involve Mr. Goodwyn.**

The overwhelming majority of media coverage of January 6, including that by the January 6 Select Committee, conflates what happened inside and outside on the east, north, and west sides of the building.  Mr. Goodwyn is not charged with conspiracy. He did not assault police or damage property. He was peaceful and merely stepped inside an open door and went through a hallway where he was directed by an officer to leave. Mr. Goodwyn immediately complied. He was inside for under forty seconds according to CCTV. He was not involved in violence. Whether evidence or testimony is by witness, video, audio, or document, only what happened in Mr. Goodwyn's immediate area (i.e., five to ten feet of his location is the crowd), is relevant.

**B.  Crowd Actions at Other Sites and Events Whether On or Off the U.S. Capitol Grounds Should Be Excluded if There is No Direct Involvement by Mr. Goodwyn**.

The same reasons as in Paragraph A above apply here. Mr. Goodwyn should not be unfairly prejudiced by actions of others where he had no direct involvement.

**C.  Any threats perceived by members of Congress from protestors Should Be Excluded**

Mr. Goodwyn never came near and never threatened any member of Congress. Congress had departed the building before his brief entry of under forty seconds. Insinuating that he threatened any member of Congress by any act of words is disingenuous. Mr. Goodwyn should not have any actions by others attributed to him.

**D.  Any Expert Witness on Crowd Violence and Threats Should Be Excluded**.

Because Mr. Goodwyn engaged in no violence, and encouraged no violence, any such testimony should be excluded as highly prejudicial and irrelevant.

**E.   Any Testimony or Other Evidence Concerning Police Injuries Should Be Excluded.**

Mr. Goodwyn was not located by and did not participate in any activity that led to police injuries. Any testimony on the topic should be excluded as highly prejudicial and irrelevant.

**F.   Any witness testimony or evidence related to damage to any doors, windows, or property in the Capitol Should Be Excluded**.

Mr. Goodwyn was not a participant in any activity that caused any damage. He did not encourage anyone. He was a peaceful protestor exercising his First Amendment legal speech. Any reference to property damage is irrelevant and highly prejudicial.

**G.   Claiming or Insinuating that Mr. Goodwyn Ever Had Direct Contact or Communications with President Trump  Should be Excluded Because it is False**.

**H.   Actions and Words by Others That Manufactures Unconstitutional Guilt by Association as to What Others Did, Said, or Otherwise Opined Should Be Excluded**.

Unless evidence shows that Mr. Goodwyn affirmatively adopted the actions or words of others, and these are specifically related to proving a crime he is charged with, the reference should be excluded because it is irrelevant and will create unfair prejudice.

## IV.   CONCLUSION.

There is no legitimate reason for the Government to use witnesses or other evidence that is not directly related to Mr. Goodwyn's actions and words on January 6, 2021.  Because the items listed in III. A - H above would confuse or mislead a jury, and the testimony and evidence is unrelated and irrelevant to the charges against Mr. Goodwyn, the Court should grant this motion.

WHEREFORE, Mr. Goodwyn requests that the Court order that the Government may not use or introduce witness testimony or other evidence for the topics in III. A - H above.

Dated September 30, 2022                     Respectfully submitted,

                                             /s/ Carolyn A. Stewart, Esq.

                                             Carolyn A. Stewart, Bar No. FL-0098
                                             Defense Attorney
                                             Stewart Country Law PA
                                             1204 Swilley Rd.
                                             Plant City, FL 33567
                                             Tel: (813) 659-5178
                                             E: Carolstewart_esq@protonmail.com


Dated September 30, 2022                     Respectfully submitted,

                                             /s/ Joseph D. McBride, Esq.

                                             Joseph D. McBride, Esq.
                                             Bar ID: NY0403
                                             Lead Defense Attorney
                                             THE MCBRIDE LAW FIRM, PLLC
                                             99 Park Avenue, 6th Floor
                                             New York, NY 10016
                                             p: (917) 757-9537
                                             e: jmcbride@mcbridelawnyc.com


## CERTIFICATE OF SERVICE

I hereby certify on the 30th day of September 2022, a copy of the foregoing was served

upon all parties as forwarded through the Electronic Case Filing (ECF) System.

                                             /s/ Carolyn A. Stewart, Esq.
                                             Carolyn A. Stewart