UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Case No. 1:21-cr-00153 (RBW) |
| ) | |
| DANIEL GOODWYN,       ) | |
| ) | |
| Defendant.    ) | |

**DEFENDANT'S MOTION TO DISMISS**

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and respectfully moves this honorable Court to grant his motion at ECF No. 59 in this case because the Government has no legitimate case on the charge and conceded by not filing a response when due by October 14, 2022. Mr. Goodwyn supports his motion as follows:

**I.     INTRODUCTION**

ECF No. 59 requested this Court to dismiss Count One of the Indictment at ECF No. 34 that reads as follows:

> On or about January 6, 2021, within the District of Columbia
> and elsewhere, **DANIEL GOODWYN**, attempted to, and did,
> corruptly obstruct, influence, and impede an official proceeding,
> that is, an official proceeding before Congress, specifically,
> Congress's Certification of the Electoral College vote as set out
> in the Twelfth Amendment of the Constitution of the United States,
> and 3 U.S.C. §§ 15-18.
>
> (Obstruction of an Official Proceeding and Aiding and Abetting, in
> violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

1:21-cr-00153 ECF No. 34.

**II.    PROCEDURAL HISTORY**

Mr. Goodwyn was arrested in Texas on January 29, 2021 under a complaint (*see* ECF No. 1) alleging that he violated Title 18, U.S.C. §§ 1752(a)(1) and (a)(2) (knowingly entering or

remaining in any restricted building or grounds without lawful authority and disorderly and disruptive conduct in a restricted building or grounds, respectively) and Title 40, §§ 5104(e)(2)(D) and (G) (disorderly conduct in a Capitol building and demonstrating, picketing or parading in a Capitol building, respectively). The charges were misdemeanors concerning his presence and actions during the January 6, 2021 events at the United States Capitol.

On February 24, 2021 an indictment was filed that included the crimes alleged in the complaint at ECF No.1 and added a felony: 18 U.S.C. §§ 1512(c)(2) (Obstruction of an Official Proceeding). ECF No. 6.

On November 15, 2021 a superseding indictment was filed that added the crime of 18 U.S.C. § 2, aiding and abetting to a revised Count 1. ECF No. 34.

### III.   FACTS.

**A.** On September 30, 2022, Mr. Goodwyn filed his motion to dismiss the Section 1512(c)(2) charge, along with the Section 2 aiding and abetting charge. ECF No. 59.

**B.** The motion at ECF No. 59 was clearly not a motion *in limine* where the Court previously set time limitations for responses and replies to motions *in limine*.

**C.** The ECF No. 59 motion included numerous reasons to dismiss that involved defects in the indictment such as lack of specificity and failure to state an offense, as well as application of the law and Constitutional issues.

**D.** According to local rules, the Government deadline to file a response in opposition was on October 14, 2022. The Government did not file a response.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

This Memorandum incorporates the preceding sections.

## IV. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Before trial, a criminal defendant may move to dismiss a count of the indictment based on a "defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). Defects can include "lack of specificity" and "failure to state an offense." *Id*. A "failure to state an offense" argument includes constitutional challenges to the statute creating the charged offenses. *See United States v. Stone*, 394 F.Supp.3d 1, 7 (D.D.C. 2019); *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973).

The Local Court Rules state under LCrR 47 MOTIONS:

> **(b) OPPOSING POINTS AND AUTHORITIES.** Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Rules of the U.S. District Court for the District of Columbia, updated May 2022 at page 145

## V. ARGUMENT

**A. The Motion at ECF No. 59 Was Timely, Met Legal Standards, and Supports the Court Granting this Motion Without Ruling on all the Merits of ECF No. 59.**

The Motion at ECF No. 59 to dismiss Count One of the indictment has merit in multiple areas and on its own could and should be granted. Because there was no opposition response, the Court *may* treat the motion as conceded. Since the Government received the motion but did not request an extension to respond for good cause, and where only an honest argument of excusable

3

neglect that has not been filed ten days after the deadline might allow a response, the Court can dismiss Count One of the Indictment without any holding on the merits.

### B. The Government has Conceded to Dismissal of Count One of the Indictment

The Government cannot argue in a response that Count One of the Indictment is not defective, given its total lack of specificity. Count One is merely a statement of the charge with unknown intent, act, time, or place as related to the Electoral Count. The Court can and should grant this motion that grants dismissal of Count One of the indictment as submitted in ECF No. 59 because the Government conceded and cannot overcome the defective indictment charge.

## V. CONCLUSION

Because the Government did not oppose the motion at ECF No. 59 and lacks any meritorious legal argument, this instant motion to deem the ECF No. 59 motion as conceded by the Government and to dismiss Count One of the indictment should be granted by the Court.

WHEREFORE, Defendant Daniel Goodwyn respectfully moves this Honorable Court to grant this motion that refers back to ECF No. 59, and sign the attached proposed order to dismiss Count One of the Indictment that encompasses 18 U.S.C. Section 1512 (c)(2) and 18 U.S.C § 2.

Dated October 24, 2022

                                        Respectfully submitted,
                                        /s/ Carolyn A. Stewart

                                        Carolyn A. Stewart, Bar No. FL-0098
                                        Defense Attorney
                                        Stewart Country Law PA
                                        1204 Swilley Rd.
                                        Plant City, FL 33567
                                        Tel: (813) 659-5178
                                        E: Carolstewart_esq@protonmail.com

Dated October 24, 2022

                                        Respectfully submitted,
                                        /s/ Joseph D. McBride, Esq.

                                        Joseph D. McBride, Esq.
                                        Bar ID: NY0403
                                        THE MCBRIDE LAW FIRM, PLLC
                                        99 Park Avenue, 6th Floor
                                        New York, NY 10016
                                        p: (917) 757-9537
                                        e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 24th day of September 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

                                        /s/ Carolyn A. Stewart
                                        Carolyn A. Stewart, Esq.