## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00153 (RBW)** |
| | ) | |
| **DANIEL GOODWYN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S OPPOSITION RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE  TO ADMIT EVIDENCE AS INTRINSIC OR UNDER FEDERAL RULES OF EVIDENCE 404(b)

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and respectfully moves this court to deny the government's subject motion at ECF No. 56, and to exclude from evidence the proposed intrinsic and Federal Rules of Evidence Rule 404(b) items as can be found in the motion, and to add a hearing on the motion. Mr. Goodwyn provides the following in support of his request:

### I.     BACKGROUND:

Mr. Goodwyn was arrested on January 29, 2021 for alleged crimes at the U.S. Capitol on January 6, 2021. An initial indictment was entered on February 25, 2021. ECF 6. A five count superseding indictment was entered on November 15, 2021. ECF 34. He was indicted for violating 18 U.S.C. §§1512(c)(2), § 2 (Obstruction of an Official Proceeding and aiding and abetting); Knowingly Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section I 752(a)(2); Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G). Each requires knowing intent.

On August 2, 2022, the Court ordered that Pre-Trial motions in limine and notice for other

crimes it intends to use under Federal Rule of Evidence 404(b) be submitted by September 30,

2022; and responses in opposition be filed by October 28, 2022.

The Government filed its notice in the above subject motion on September 30, 2022.

## II.    FACTS:

The government identified categories (not a specific list) of evidence for the motion as:

> intrinsic act evidence _inextricably intertwined_ with the charged offenses:
> 1) Goodwyn's participation in and social media posts related to the
> November 14, 2020, protest in Washington, D.C.;
> 2) Goodwyn's participation in and social media posts related to the
> November 21, 2020, protest in Atlanta, Georgia; and
> 3) Goodwyn's social media posts and text messages after
> November 3, 2020, regarding the 2020 election.
> In the alternative, the government also hereby provides notice of its intent
> to introduce this "other acts" evidence to prove Daniel Goodwyn's . . .
> intent, knowledge, and lack of mistake or accident in his actions during
> the riot at the U.S. Capitol on January 6, 2021. See Fed. R. Evid. 404(b)(2)

ECF No. 56 at 1. (Emphasis added).

In the argument section of its motion (_id_. at 8) the Government stated that, "Through this Notice

and Motion, _the Government provides notice of its intent to admit evidence of_" the three categories

(as listed above), and stated they were intrinsic to the charges, and established intent and

knowledge. No specific evidence was listed as to what would be included, although the

government referred to lawful, protected, First Amendment speech posts and prior protests from

November and December 2020 that had nothing to do with January 6, 2021 in different sections

of its argument.

In a footnote, the government stated:
> Although the government is providing certain descriptions and specific
> examples of such evidence in this notice, this filing is intended to satisfy
> the government's obligation under Rule 404(b) to provide notice of the
> "general nature" of the crimes, wrongs, or other acts evidence that the
> government intends to admit at trial and is not an exhaustive list of the

specific pieces of evidence that the government may offer in support of these
areas of activity. Fed. R. Evid. 404(b)(2)(A). Rather, any information produced
to the defense in discovery, to the extent it satisfies the rationales discussed in
this motion, may be offered in the trial of this case as either intrinsic evidence
or under Rule 404(b). Further, because the government continues to investigate
Goodwyn's charged crimes and uncover possible additional evidence and
witnesses, it reserves the right to supplement and amend this notice as pre-trial
investigatory developments dictate.

ECF No. 56 at 1-2.

In regard to the above, there are over seven million bates-numbered documents according to

the Relativity count that can be considered "provided." The volume of video in evidence.com is

tremendous. The motion admittedly does not contain any list of evidence the government intends

to use.

Mr. Goodwyn's social media accounts the government collected data from were closed to him

by the companies where he no longer had access prior to his arrest, while the government either

was collecting on him prior to January 6, 2021, or received the data from unknown screenshots or

provider archives.

Mr. Goodwyn has no confirmation of everything that might be in the government's possession,

either at the DOJ's "capitol siege" unit or elsewhere.

The government had twenty months to examine evidence, claimed it is prepared to go to trial,

but now declares in the motion that it is still investigating, may set its own times for notice, and

has no obligation to identify specific evidence.

The government lists eight items under I.A. Factual Background. *Id*. at 2-4. In its argument

section, the government uses no specific evidence under intrinsic evidence and different evidence

under the Rule 404(b) argument. Mr. Goodwyn objects to paragraph I.A. since the alleged facts

are not correctly stated, and the purpose of this type of motion is not to dispute facts or for the

government to argue its case in chief. As an example, the government refers to a Proud Boys meme

and other hashtags posted that were trending on twitter at the time in November. Bloggers such as Mr. Goodwyn use memes and trending hashtags as standard twitter practices that do not necessarily convey endorsement. Mr. Goodwyn is not a Proud Boy, so it is unclear why the Government is bothering with this out of context "fact" about posting a meme when it is not in the evidentiary argument section. Item 6 inaccurately claims he was using GiveSendGo in *November* 2020 to obtain funds to travel to D.C. in January when the January rally was not even confirmed in November. The fact as stated is in error because an existing account was updated on December 29, 2020 for the rally. Item eight is unclear since Mr. Goodwyn is not aware of the group chat referred to, and he is only aware of a message sent privately and individually to four people. Nothing in the message is relevant or provides probity to any charge in the indictment.

Mr. Goodwyn objects to the entire I. Factual Background paragraph B. "**The Attack at the U.S. Capitol on January 6, 2021" items 9-15** as included in the Government's motion. *Id*. at 4 - 6. The paragraph contains Government assertions that have not been stipulated or proven for this case, appear to be a lift from some other defendants' statement of offenses, and do not belong in the motion. The pertinent background involves charges in Mr. Goodwyn's indictment and evidence the government intends as intrinsic or allowable under 404(b) - but not assertions about others.

Mr. Goodwyn objects to the entirety of paragraph I. Factual Background, C. "**Goodwyn's Participation in the January 6, 2021, Capitol Riot**, items 16-21. *Id*. at 6-7. The paragraph contains assertions and false legal inferences and conclusions.

Item 16 contains the unsupported and false legal conclusion that "The purpose of the [sic] Goodwyn's trip was to stop Congress' certification of the Electoral College."

Item 18 mischaracterizes Mr. Goodwyn's actions where he was among peaceful protestors.

Item 19 omits relevant facts, to include that Mr. Goodwyn walked past nearby police who did not direct anyone to leave the grounds and did not attempt to stop him or anyone else from entering the building. It gives a multi-hour time block when evidence shows Mr. Goodwyn entered at approximately 3:32 p.m. and was inside a total of 38 - 40 seconds.

Items 20-22 contain references to texts for January 6 where the times appear incorrect, and it is unclear whether the Government intends to include these in evidence.

Item 21 misrepresents the context of his words. "They" refers to what was also posted; a picture of police standing on the American flag.

Mr. Goodwyn objects to the factually incorrect summary of his arrest and indictment in **D. Goodwyn's Arrest and Indictment, paragraph 23.** *Id*. at 8.  The superseding indictment made substantial changes to Count 1.

**Inextricably** means "in a way that is unable to be separated, released, or escaped from"[1]

**Intertwined** means "if two or more things intertwine or are intertwined, they are twisted together so that they are very difficult to separate."[2]

## III.   LEGAL STANDARD:

"Motions in limine are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). "[T]he trial judge's discretion extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *1443 Chapin St., LP v. PNC Bank*, N.A., No. 08-cv-01532, 2012 WL 13225423, at *1 (D.D.C. Aug.14, 2012).

---

[1] https://dictionary.cambridge.org/us/dictionary/english/inextricably

[2] https://www.oxfordlearnersdictionaries.com/us/definition/english/intertwine

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (citation omitted).

In all cases, the Court determines whether evidence is relevant. If the evidence is relevant, the Court determines whether it is admissible, pursuant to the Federal Rules of Evidence 401 and 402. *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402.

**A. Intrinsic Evidence Standards**.

"[I]f the evidence is of an act that is part of the charged offense, it is properly considered intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015)((quoting *U.S. v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).

Evidence is intrinsic to the crime charged in the indictment if "it is an uncharged offense which arose out of the same transactions as the charged offense [or] if it was inextricably intertwined with the evidence regarding the charged offense." *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983)); Davis, 402 F. Supp.2d at 262.

It is well settled that evidence offered as direct evidence of a fact in issue, *and not as circumstantial evidence requiring an inference regarding the character of the accused*, is properly deemed intrinsic evidence not subject to Rule 404(b). *United States v. Alexander*, 331 F.3d 116, 125 (D.C. Cir. 2003) (Emphasis added).

This Circuit has explicitly rejected the more permissive approach to defining intrinsic evidence used by other circuits "because 'all relevant prosecution evidence explains the crime or completes the story' to some extent, and the fact that 'omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether.'" *United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016). (quoting Bowie, 232 F.3d at 929). Intrinsic evidence must be more than merely relevant to a charged crime, otherwise "Rule 404(b) would be a nullity." *Bowie*, 815 F.3d at 929.

**B. Federal Rules of Evidence Rule 404(b), Crimes, Wrongs, or Other Acts Standards**.

Rule 404(b)(1) states the evidence is not admissible to prove a person's character to show that on a particular occasion the person acted according to the character.

Rule 404(b)(2) states the evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, absence of mistake or accident. The prosecutor must provide reasonable notice of the general nature of any such evidence.

Evidence offered for a proper purpose under Rule 404(b), "is subject only to general strictures limiting admissibility such as Rules 402 and 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988).

In considering Rule 402, "A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity? If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." *U.S. v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000).

"[U]nder Rule 404(b), *any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character. " *U.S. v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990).

"Rule 404(b) only applies to truly 'other' crimes and **bad acts**; it does not apply to 'evidence . . . of an act that is part of the charged offense' or of 'uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime.'" *United States v. Fitzsimons*, 21-cr-158, at *3 (D.D.C. May 24, 2022) ((quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)) (Emphasis added).

Rule 404(b) evidence is subject to exclusion under Rule 403 if the evidence's probative value is outweighed by unfair prejudice, confusing issues, misleading the jury, and wasting time among others. Federal Rules of Criminal Evidence, Rule 403.

"[W]e are confident that there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this Circuit. Such broad exclusions have no discernible grounding in the 'other crimes, wrongs, or acts' language of the rule. Rule 404(b), and particularly its notice requirement, should not be disregarded on such a flimsy basis."

*U.S. v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)

The D.C. Circuit has adopted a two-pronged test for determining whether evidence of other bad acts is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990). Second, the evidence is subject to the balancing test of Fed. R. Evid. 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Miller*, 895 F.2d at 1435. As stated *supra*, the prejudice must be unfair.

**IV.    ARGUMENT**: The argument made herein involves the specific evidence the government used in its argument for intrinsic evidence and Rule 404(b) evidence. (See ECF 56 at 8 -18).

### A. The Government's Evidence as Identified Is Not Intrinsic

The entire claim for intrinsic evidence is captured in the following paragraph:

[Mr.] Goodwyn's participation in protests regarding the 2020 election, messages, and his social media posts leading up to the certification of the electoral college vote on January 6, 2021, are direct evidence of his motive and intent on January 6, 2021. They make up part of Goodwyn's on-going efforts, starting shortly after the election and culminating on January 6, to obstruct the Congressional certification of the 2020 Electoral College vote. These actions prior to January 6, 2021, show he was aware of the certification of the electoral college vote that day, that he believed the election to be stolen, and that his intent was to stop the certification of the vote. This evidence is thus relevant and admissible as intrinsic evidence of two elements of the Section 1512(c)(2) offense: Goodwyn's intent to obstruct the certification of the electoral college vote on January 6, 2021; and that Goodwyn acted corruptly.. . . .

ECF No. 56 at 10.

Presumptively the government infers the page 1 list in its motion is being referred to here

for Mr. Goodwyn's:

1) Participation in and social media posts related to the November 14, 2020, protest in Washington, D.C.;
2) Participation in and social media posts related to the November 21, 2020, protest in Atlanta, Georgia; and
3) Social media posts and text messages after November 3, 2020, regarding the 2020 election.

ECF 56 at 1.

Based on November 2020 dates, nothing can be asserted as directly intrinsic to the charges

in the indictment for the event and actions on January 6, 2021. These are distinct actions where no

temporal relation exists. See *United States v. Thorne*, No. 18-cr-389, 2020 WL 122985, at *13

(D.D.C. Jan. 10, 2020) ("The well-established rubric in this Circuit for distinguishing intrinsic

from extrinsic evidence rests largely on temporal proximity . . . ."). As can be readily observed in

the government's claim above, it is filled with legal conclusions drawn from the inferences of its

imagination. There is nothing presented that shows any intent by Mr. Goodwyn to do anything

besides lawful, peaceful protest concerning matters of his belief and perspective. The government

incredibly asserts in the above paragraph that a new thought crime exists where if someone

believes there was election fraud and dares question or protest, then their intent is felonious if they speak or protest. That is not how the United States Constitution works.

In its motion, the government expects a blanket grant to use any words, beliefs, peaceful actions, and associations from any time against Mr. Goodwyn, regardless of lack of relevance and probity. For example, the reference in the factual section to the Proud Boys meme can be nothing but unfairly prejudicial. However, absence of relevance and probative value is not the standard for intrinsic evidence, which is outlined under the Legal Standards paragraph *supra*. Because the government does not identify any specific evidence as being intrinsic and presents no valid argument as to why any specific evidence is intrinsic, nothing should be approved or granted by the Court as being "intrinsic." The government is asking the Court to approve anything as intrinsic, no matter how irrelevant and unrelated to January 6, 2021.

Even by extracting the eight items from the Factual Background paragraph in the government's motion (because the motion lacks any specific evidence in its argument for intrinsic evidence), we find only the following the government may be calling intrinsic evidence:



The pictures are followed by a reference to a Proud Boys meme Mr. Goodwyn posted on November 7, 2020 calling for people to show up at state capitols to protest; his protected speech on November 14, 2020, where he took part in the "Million MAGA March" to "Stand Up and Fight Against the Fraudulent Election and Make Your Voices Count;" his attendance at a rally protest at the Georgia capitol in November; a November post on Parler referring to the Atlanta peaceful protest where the government also includes that he posted a video of the protest with the Beatles' song Revolution (omitting that the song is anti-violence); that he posted hashtags to twitter without any endorsement or comment; a chat about "Safe Harbor," where facts and nothing controversial is mentioned; and Mr. Goodwyn's January 2, 2021 post of an article outlining that Senator Cruz would be objecting lawfully to electoral votes.[3]  However, the government does not refer to the eight items it listed as facts, and instead claims that is wants to use three categories of unspecified evidence, all from November 2020.  We are left with a blanket request for intrinsic evidence where the government states that unidentified evidence from November 2020 has probative value to January 6, 2021. The government has not met any standard to admit intrinsic evidence because it has not argued what makes any evidence intrinsic, relevant, and admissible under the Federal Rules of Evidence or caselaw.

**1. The alleged evidence is not contemporaneous with the alleged crimes in the indictment.**

Since nothing from prior to January 6, 2021 (i.e., November and December 2020) was part of any criminal Section 1512 obstruction or entering a restricted area charges, in order to be considered intrinsic under *Bowie*, the uncharged acts would have to be contemporaneous and to have facilitated commission of the alleged offenses. There was nothing remotely

---

[3] See Exhibit

resembling "contemporaneous" between First Amendment peaceful, lawful, political protest and speech in November 2020 and the indicted criminal acts for January 6, 2021. Nothing from November 2020 "facilitated" anything in January 2021. Mr. Goodwyn's protected speech in November and attendance at peaceful protests did not and cannot have facilitated anything in January 2021 where the rally and protest was not yet announced in November. See *United States v. Roberson*, No. CR 21-102, 2022 WL 35643, at *5 (D.D.C. Jan. 4, 2022) ((noting that "facilitate" is limited to acts that "promote, help forward or assist in bringing about a particular end or result" (quoting Facilitate, Oxford English Dictionary (3d ed. 2009)). Because in November 2020, the January 2021 rally and protest had not even been confirmed or announced to the public, there cannot have been intent to do anything in January 2021. In fact, Mr. Goodwyn's travel to D.C. was a last minute decision.

The government is asserting by inferences to itself without a single fact that lawful, peaceful, protected, First Amendment political protest and speech, and media posts in November 2020, will fit the mold of direct evidence of motive and intent to obstruct Congress on January 6, 2021. Besides being unsupported, the government's claim contradicts *Alexander supra*. The evidence must be direct and not based on inferences or circumstantial assertions. While *Bowie supra* allows for some completing of the story, it does not allow fabrication of intent out of thin air, especially given events that were months apart with nothing more than vivid imagination by the government to claim that Mr. Goodwyn had any intent to obstruct the U.S. Congress when he protested in Atlanta, Georgia in November, 2020.

Taken as written, the government is apparently asserting that any peaceful protest and social media or private text speech ever - when the speech and personal beliefs differ from and disagree with the current administration - can be labeled as intent for whatever crime the

DOJ brings forward. The government apparently claims here that flyers posted or texted words such as "stop the steal" and "MAGA," for a peaceful march to make voices heard, comprises criminal intent. What is incredible in the government's claim is that it asserts criminal intent for a January rally that was not even programmed or public in November 2020. The government's immeasurable pile of inferences lack a single fact to support the assertion that Mr. Goodwyn conducted on-going efforts to obstruct Congress.

**2. There is No Inextricable Linkage, and the "Transactions" are not Intertwined.**

Using the categories 1 - 3 from the above paragraph, and even inserting what the government claims are facts in items 1 - 8 of its motion, there is no inextricable linkage between any event in November 2020 to January 6, 2021.  Mr. Goodwyn's legal, peaceful activities in November and December 2020 involved his viewpoint, beliefs, casual blogging, and protected activities under the First Amendment to the U.S. Constitution. He advocated for investigation and inquiry, with not a single word about obstructing the United States Congress. As stated *supra*, nothing from November or December 2020 could have facilitated Mr. Goodwyn's alleged obstruction of Congress on January 6, 2021. The protests involved peaceful, protected, political speech in Atlanta and in D.C. The January 6, 2021 rally was not even announced in November 2020. Contrary to *Alexander* standards, there is no direct evidence and only inference, where here the government makes inference upon inference. The government is creating non-existent ongoing effort. Nothing on January 6 is inextricably linked to November 2020 because nothing from November facilitated or was otherwise tied to January 6, 2021.

**3.  Even Assuming Linkages and Direct, Contemporaneous Evidence, the Proposed Evidence Lacks Relevance and Fails the Balancing Test.**

The government is making a crime of Mr. Goodwyn's free use of lawful speech in November 2020. The government asserts that November peaceful speech and protest actions

somehow are probative as to intent to obstruct Congress. There is not a single proffer of evidence by the government that shows any intent by Mr. Goodwyn to obstruct Congress. November 2020 speech and protests are not relevant to any charges in the indictment while also not being intrinsic.

The government falsely asserts that actions from November that are unrelated to the January 6 protest attendance by Mr. Goodwyn have probity related to intent to obstruct Congress. Because there is not a single fact of any intent by Mr. Goodwyn in November 2020 to even go to D.C. in January 2021, there is no probity or relevance in anything from November 2020.

Any use of Mr. Goodwyn's November 2020 lawful speech and attendance at peaceful protests will be unfairly prejudicial. The January 6 Select Committee has conducted a kangaroo court against the Proud Boys. Committee members have declared the group racist and a threat to democracy. Introduction of casual use of a hashtag to engage blog audience discussion will do nothing but impart unfair prejudice against Mr. Goodwyn. In early September, 2022 the President of the United States declared MAGA supporters to be a dangerous domestic threat to democracy and America. He further stated that questioning election results is a threat to America. Because of the President's condemnation of political opposition and a viewpoint that wants to "Make America Great Again," the government wants to capitalize and make MAGA support serial crime to the jury. Allowing in prior lawful, peaceful speech and events unrelated to January 6 can only be unfairly prejudicial in a charged political environment constantly subjected to politics. This is particularly true in D.C. where many jurors can be considered victims of months long presence of National Guard, fencing, and road blockages.

Because any evidence from November 2020 and even December 2020 is not relevant or intrinsic, and where it is highly prejudicial in charged circumstances in D.C. so that unfair

prejudice outweighs any probative value, this fails the balancing test such that the Court should deny introduction of any alleged intrinsic evidence from November 2020.

**B.  The Government's Proposed 404(b) Evidence Fails Standards.**

This argument incorporates IV. A. above. The government claims in its motion that the evidence from November 2020 "is admissible under Fed. R. Evid. 404(b) as probative of: 1) his motive and intent; 2) his knowledge that his presence inside the Capitol and on Capitol grounds was unlawful; and 3) the absence of mistake or accident when he entered the Capitol and Capitol grounds." ECF 56 at 10-11.

**1. The Evidence Provided is Not Probative of a Material Issue Pursuant to Fed R. of Evid. R. 404(b).**

(i)  The government claims that protests and speech from November 2020 is probative of intent to obstruct Congress and illegally enter the Capitol Grounds in January 2021. The government claims that the lawful and peaceful First Amendment protests and speech in November 2020 "show his motive and intent on January 6, 2021, was to stop the certification of the electoral vote. Goodwyn's actions show an escalating frustration with the outcome of the 2020 Presidential election, culminating with him taking part in the January 6, 2021, riot to stop the certification of the electoral college votes." ECF No. 56 at 13. As in its intrinsic evidence section, the government is inventing facts and making unfounded legal conclusions. According to the government, attendance at protests are "bad acts" and show criminal escalation and intent where none existed. The government fabricated a story where no evidence or fact supports such claims.

The government alleges that Mr. Goodwyn's social media post of the flyer for the D.C. protest on November 14, 2021, his peaceful protest on November 14, 2020 in D.C., his peaceful protest of the certification of Georgia's electoral college votes in November 2021, and

the lawful video of the Georgia protest that he subsequently posted are "escalation" that shows unlawful future motive and intent for an event not even scheduled at the time. Not only is the government fabricating thought crime, but it is also alleging First Amendment activity equals criminal  "bad act's" that are admissible under rule 404(b). The government created a propensity argument - i.e., that Mr. Goodwyn goes to political protests, and he posts protected speech - which makes the evidence inadmissible under Rule 404(b).

The government also claims that Mr. Goodwyn's use the song "Revolution" by the Beatles clearly shows his intent, meaning he was looking for a revolution. As previously stated, anyone who does a modicum of research on the song will learn it was released during the hippie peace movement of the 1960's, was anti-hate, and was anti-violence/war. The song does not call for a revolution, just as Mr. Goodwyn never called for a revolution. The government is misrepresenting truth here. The government's attempt to engineer thought crime by linking the Beatles' song with Mr. Goodwyn's text on January 6 that included "they hate us" and "they want a revolution" omitted the picture showing the police stepping on the American flag. There was no connection between the song and the message, where neither supported, encouraged, or called for revolution anywhere or anytime. There is nothing in Mr. Goodwyn's use of a Beatles' song section that is probative of anything on January 6th. The linkage of his two mentions of Revolution are irrelevant to showing any motive or intent to obstruct Congress.

All Mr. Goodwyn posted was a flyer for the "million MAGA March" - a permitted event that was peaceful. The flyer provided the date and said, "stand up and make your voices heard" and "Make America Great Again." The government alleges this is a criminal "bad act" under Rule 404(b) that shows future intent and motive to violate the law. This is preposterous and the government should be prohibited from making any reference to this November 2020 activity.

There is nothing to indicate any future motive or intent. The January protest rally was not even scheduled or publicized in November 2020. In essence, the government is in fact alleging that Mr. Goodwyn's lawful First Amendment activity is bad character because he went to political protests and engaged in some political speech - making the evidence inadmissible under Rule 404(b).

Nothing outside of government fabrication of thought crime for November speech and protest activity is probative of Mr. Goodwyn's intent when he attended the rally and protest on January 6, 2021. In November 2020 Mr. Goodwyn had no plans to even go to D.C. on January 6, 2021. No event was scheduled that he signed up for or knew about. *Bowie* stated that there is no general "complete the story" exception to rule 404(b) in this Circuit. The government is fabricating a "complete the story" narrative to attempt raising the November 2020 protected First Amendment activity as "bad acts." Because the government cannot just make up a story from non-existent facts, none of the First Amendment protected activity from November 2020 or later should be allowed in as evidence under rule 404(b).

(ii) The government's argument about knowledge is replete with legal conclusions unsupported by facts. The government infers that by attending a lawful protest in Georgia that Mr. Goodwyn was fully knowledgeable of the Electoral Count and processes. The government without facts states that Mr. Goodwyn's attendance at the Million MAGA March in November 2020, without any evidence or facts, "shows his knowledge of where First Amendment activity was allowed around Washington D.C. and near Capitol grounds and what lawful protests looked like." ECF No. 56 at 15. Where a march was permitted in November 2020 that was not to the Capitol has no relevance to where protests or marches were permitted on January 6, 2021. The government makes the assertion without providing what is probative factually. People who fly into D.C. for any reason are not handed maps at the airport of where protests are allowed. There are no visible

signs on the roadway or posted daily at the U.S. Capitol as to where protests are allowed. Because the government is making up facts and asserting legal conclusions about Mr. Goodwyn's knowledge, the points should not be allowed in as evidence under Rule 404(b).

**2. The Government is Unconstitutionally Converting First Amendment Protected Political Speech to be Uncharged Crimes or "Bad Acts" Under Rule 404(b)(2).**

The government's motion speaks for itself in calling Mr. Goodwyn's activity "bad acts" under rule 404(b)(2). Mr. Goodwyn is not charged with conspiracy where a lawful overt act is intrinsic to the crime and falls under 404(b)(2) "bad acts." All other application of the Rule 404(b)(2) are for "bad acts" even if not charged. (see *Miller*, *Fitzsimons*, *Bowie* in II. B Legal Standards above, where rule 404(b)(2)) "only applies to 'other' crimes and bad acts."). Because the government' assertion contradicts the U.S. Constitution, none of the First Amendment protected activity from November 2020 should be allowed in as evidence under rule 404(b).

**3. All December 2020 - January 2021 Evidence Was Not Requested for Consideration in the Motion and Should Not be Granted Based on Intermingling in the Argument.**

The Government's inclusion of December 2020 - January 2021 references should not be taken as "evidence' in the argument for Rule 404(b)(2) because such references and mentions are outside of the November 2020 time period and criteria specified by the government in its motion (such as category 3 that requests only references to the November election). The government combined "evidence" from December 2020 and January 6, 2021 in its argument for Rule 404(b) "bad act" First Amendment activity from November 2020. This was to justify the government's unconstitutional designation of prior First Amendment activity as "bad acts." None of the December 2020 and January 2021 "evidence" referenced in the argument should be admitted here because the government stated it is only seeking admission under Rule 404(b)(2) of

"evidence" from November 2020, or for the period after November only as related to the election. ECF 56 at 1.

### 4.  The November Protected First Amendment Activity is Not Relevant to January 6 or Probative of Intent, Motive or Knowledge as Related to Charges in the Indictment.

None of the November 2020 activity is relevant to January 6, 2021. It was protected First Amendment activity during a time when the January 6 protest rally and march were not announced. The government is attempting to reverse parallel-construct motive and intent by asserting legal conclusions unsupported by fact. The government's motion manufactures thoughts for Mr. Goodwyn as if written by Adam Schiff as he concocted his own interpretation of a phone call to be entered as evidence for an impeachment trial. Story telling cannot substitute for relevant facts and evidence. The government's assertion that protected, lawful First Amendment activity from November comprises "bad acts" should be quashed, and the government's motion denied because of the unconstitutionality and the reverse engineered "story telling" of non-existent motive and intent. The "acts" are not "bad acts" and by default will only confuse the jury and waste court time when each is countered for lack of relevant facts and manufactured assertions and thoughts.

### 5. The Evidence Fails Rule 403's Prejudice-Probity Balancing Test

The November 2020 "evidence'" provides low or no probative value for events at the U.S. Capitol on January 6, 2021. Nothing Mr. Goodwyn said or did in November 2020 points to any intent, motive, or knowledge about the U.S. Capitol grounds for January 6, 2021. The government falsely asserts that from his vantage point, Mr. Goodwyn saw wall climbing and window breaking. The government wants to mention the Proud Boys because that will automatically irreparably damage him with the jury. Entry of such evidence under 404(b) will be unfairly prejudicial to Mr. Goodwyn. No jury instruction can limit the effect of Mr. Goodwyn's protected First Amendment activities being entered as "bad acts." Any use of Mr. Goodwyn's

November 2020 lawful speech and attendance at peaceful protests will be unfairly prejudicial. President Biden made it domestic extremism to question elections. In early September 2022, the President of the United States declared MAGA supporters to be a dangerous domestic threat to democracy and America. He further stated that questioning election results is a threat to America. Because of the President's condemnation of political opposition that questions election results and a viewpoint that wants to "Make America Great Again," the government is ready to capitalize and portray MAGA support as domestic terrorism and serial crime to the jury, which already has these thoughts based on the POTUS' September speech. Allowing in prior lawful, peaceful speech and events unrelated to January 6 as bad acts evidence can only be unfairly prejudicial. This is particularly true in D.C. where many jurors can be considered victims of months long presence of National Guard, fencing, and road blockages.

Because evidence from November 2020 is not relevant or probative for the charges in the indictment, where the trial will have a jury from politically charged circumstances in D.C., the unfair prejudice outweighs any probative value. The proposed rule 404(b) evidence fails the balancing test such that the Court should deny its introduction. And because the government did not specify it was requesting anything from December 2020 and January 2021 outside of direct mention of the election, none of the items discussed for that period should be allowed under Rule 404(b).

**V.     CONCLUSION**:

The proffered evidence fails to withstand scrutiny under rules for intrinsic evidence and the Federal Rules of Evidence 404(b) and 403. As proposed, the government will in fact be using irrelevant and non-probative evidence to assail Mr. Goodwyn's character and imply that he has a propensity for bad acts, Because the evidence from November 2020 concerns lawful, non-inflammatory, peaceful, protected, First Amendment speech and activity that has no relation or relevance to January 6, 2021, and is not probative of any material issue related to the charges in the indictment, while the unfair prejudice the introduction of such evidence will have on the jury, the Government's motion to use such evidence should be denied, with the exception of reserving its right to use impeachment evidence regarding knowledge.

WHEREFORE, for the foregoing reasons, and for other good cause as the court sees fit, Mr. Goodwyn respectfully requests the honorable Court to deny the Government's motion in entirety for the proffered intrinsic evidence and alternate Rule 404(b) evidence.

Dated October 28, 2022                          Respectfully submitted,
                                                /s/ Carolyn A. Stewart

                                                Carolyn A. Stewart, Bar No. FL-0098
                                                Defense Attorney
                                                Stewart Country Law PA
                                                1204 Swilley Rd.
                                                Plant City, FL 33567
                                                Tel: (813) 659-5178
                                                E: Carolstewart_esq@protonmail.com


Dated October 28, 2022                          Respectfully submitted,

                                                /s/ Joseph D. McBride, Esq.

                                                Joseph D. McBride, Esq.
                                                Bar ID: NY0403
                                                THE MCBRIDE LAW FIRM, PLLC
                                                99 Park Avenue, 6th Floor
                                                New York, NY 10016
                                                p: (917) 757-9537
                                                e: jmcbride@mcbridelawnyc.com


## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of October 2022, a copy of the foregoing was served upon

all parties as forwarded through the Electronic Case Filing (ECF) System.


                                 /s/ Carolyn A. Stewart
                                 Carolyn A. Stewart, Esq.