UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-153 (RBW) |
| v. : | |
| : | |
| DANIEL GOODWYN, : | |
| : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OMNIBUS RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE AT ECF 57 AND 58**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this reply to Defendant Daniel Goodwyn's (hereinafter, "Defendant Goodwyn") response to government's motions in limine 57 and 58 (ECF No. 69, hereinafter, "response"). In response to the government's motion in limine to limit cross examination of United States Secret Service (ECF 57; hereinafter, "USSS"), Defendant Goodwyn argues he should be allowed to cross examine USSS personnel regarding: 1) How large a restricted area normally is established for the Vice President's travel to the Capitol and other buildings in Washington, D.C.; 2) USSS roles, ability to carry out that role, which parts of the Capitol were restricted, and who establishes the restricted areas; 3) timeframes regarding the protection of the Vice President, when USSS was made aware of pipe bombs at a nearby building, and if the Vice President's evacuation was based on the presence of a pipe bomb; and 4) the specific location of the Vice President. Defendant Goodwyn does not contest government motion in limine 58.

Restrictions of other buildings and specifics regarding USSS personnel, and their roles should be limited due to their lack of probative value and sensitive nature.

## ARGUMENT

Defendant Goodwyn seeks to cross-examine the USSS regarding their protection of the Vice President and his family which implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive Branch and, by extension, national security. Thus, the government seeks an order limiting the cross-examination of the USSS witnesses to questioning about the function performed by the USSS as testified to on direct exam, in this case protecting the Vice President and his family. Defendant Goodwyn should be specifically foreclosed from questioning the witnesses about the following:

1. USSS protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

2. Details about the nature of USSS protective details, such as the number and type of agents the USSS assigns to protectees.

Defendant Goodwyn in his response argues he should be allowed to cross examine USSS personnel regarding: 1) How large a restricted area normally is established for the Vice President's travel to the Capitol and other buildings in Washington, D.C.; 2) USSS roles, ability to carry out that role, which parts of the Capitol were restricted, and who establishes the restricted areas; 3) timeframes regarding the protection of the Vice President, when USSS was made aware of pipe bombs at a nearby building, and if the Vice President's evacuation was based on the presence of a pipe bomb; and 4) the specific location of the Vice President.  Restrictions of other buildings and specifics regarding USSS personnel, and their roles should be limited due to their lack of probative value and sensitive nature.

**I.     The size of the restricted areas at locations other than the Capitol are not relevant and jeopardize the protection of members of the Executive Branch.**

The government has no objection to questioning USS about the size of the restricted perimeter at the Capitol and if the perimeter on January 6, 2021, was consistent with the typical restrictions for similar events at the Capitol. However, questions regarding the size, shape, and ordinary practice related to restrictions for other buildings is not relevant and, because it presents a potential security risk, should be excluded under Rule 403 of the Federal Rules of Evidence.

This line of questioning should be excluded as irrelevant because such evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401 (defining relevant evidence). Cross-examination of a USSS witnesses about extraneous matters, such as the size and shape of restricted areas of buildings other than the Capitol, is beyond the scope of any intended direct examination should be excluded as irrelevant or unduly prejudicial. None of the offenses with which Defendant Goodwyn is charged depends on a comparison of the restricted area on January 6 with other restricted perimeters the USSS used previously.

Even assuming the evidence to be excluded is relevant, such relevance is substantially outweighed by the danger of confusion of the issues, mini-trials, undue delay, and waste of time. *See United States v. Mohammed,* 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005) (finding that information having broader national security concerns can be excluded under Rule 403 because its tendency to confuse the issues, mislead the jury, create side issues or a mini-trial can result in undue prejudice that substantially outweighs any probative value). Broader cross-examination of USSS witnesses could compromise national security without adding any appreciable benefit to the determination of the truth, or the veracity or bias of witnesses. *Id.*

The protection of prominent government officials constitutes a significant government interest. *See, e.g.*, *United States v. Mahoney*, 247 F.3d 279, 286 (D.C. Cir. 2001) (stating that the

3

government has a significant interest in "'ensuring public safety and order'"). A court has the discretion to prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See e.g., United States v. Balistreri,* 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds* by *Fowler v. Butts,* 829 F.3d 788 (7th Cir. 2016). Other permissible reasons for limiting cross-examination include preventing harassment, prejudice, confusion of the issues, or repetitive, cumulative, or marginally relevant questioning. *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986). Questioning about USSS protocols, including the typical size and shape of a restricted area could undermine the USSS's ability to protect high-level government officials and their families.

Defendant Goodwyn should be restricted from irrelevant and prejudicial lines of questioning regarding areas other than the Capitol building.

### II. Defendant Goodwyn's examination of USSS personnel on their roles, which portions of the Capitol were restricted, and who establishes the restricted areas may be proper.

The government has no objection into this line of questioning if Defendant Goodwyn does not get into specifics. The role of the agent who testifies, what their job was that day, and similar questioning is not objectionable. However, evidence of the nature of USSS protective details (*e.g.* the total number of agents, all of their individual roles, contingency plans, etc.) is not relevant in this case. The number or type of assigned agents on a protective detail does not alter the fact that the Capitol and its grounds were restricted on January 6, 2021. None of the other elements to be proven, or available defenses, implicates further testimony from the USSS.

**III.   The timeframes of when the Capitol were restricted, when the USSS was made aware of a pipe bomb, and if his evacuation was based on the presence of a pipe bomb may be permissible.**

The government has no objection to Defendant Goodwyn asking USSS personnel about the times the Capitol was restricted on January 6, 2022, their awareness of a pipe bomb near the Capitol that day, and if the Vice President's evacuation was caused by the pipe bomb threat.  The government would object if Defendant Goodwyn questions USSS on specifics of the investigation into the pipe bomb threat, how threats are communicated between agents, other specifics that would jeopardize USSS procedures and, therefore, the safety of those they protect.

**IV.   Defendant Goodwyn can inquire if the Vice President was on Capitol grounds, if he was in the Capitol building, and the location of the Vice President as discussed in open court in other trials.**

The fact that the Vice President was on Capitol grounds during the riot and the time that Defendant Goodwyn was present is relevant; however, the Vice President's specific location within the Capitol once he was evacuated is not.  The USSS's general protocols about relocation for safety should be excluded as irrelevant because such evidence does not tend to make a fact of consequence more or less probable. Fed. R. Evid. 401 (defining relevant evidence).  Defendant Goodwyn can inquire if the Vice President was still on Capitol grounds, in the Capitol building, if he was in a secured area at the times Defendant Goodwyn breached the Capitol, and the location of the Vice President as it was discussed in open court in other trials. *See USA v. Couy Griffin*, 1:21-cr-92 (TNM), Tr. 3/21/2022 at 209-210, 215-226, 249-255 (D.D.C. March 21, 2022).

## CONCLUSION

For these reasons, the United States requests that this court enter an order, as described above, limiting cross-examination of any witness with the USSS and limiting evidence regarding the specific locations of U.S. Capitol Police surveillance cameras.  *See* ECF 57 and 58.  If this

court determines an evidentiary hearing is necessary to rule on these motions, the government asks that the hearing be held *in camera* and ex parte.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:    */s/ Brian Brady*
        Brian Brady
        Trial Attorney, Department of Justice
        DC Bar No. 1674360
        1301 New York Ave. N.W., Suite 800
        Washington, DC 20005
        (202) 834-1916
        Brian.Brady@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

*/s/ Brian Brady*
Brian Brady
Trial Attorney
