**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00153 (RBW)** |
| | ) | |
| **DANIEL GOODWYN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION RESPONSE TO MOTION**
**IN LIMINE TO PRECLUDE IRRELEVANT WITNESSES AND EVIDENCE**

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and replies to the Government's response at ECF No. 67 to his motion at ECF No. 61. Mr. Goodwyn adopts and incorporates, and requests that the Court review the closely related arguments in his opposition response at ECF No. 68 and his ECF No. 73 reply to Government opposition; and respectfully moves this Court to grant Mr. Goodwyn's ECF No. 61 motion where he replies in support as follows:

This reply incorporates Mr. Goodwyn's opposition response at ECF No. 68 regarding what the Government wants to call 'intrinsic evidence" and his reply at ECF No. 73 to Government opposition to precluding use of certain language, terms, and false associations because there is a great deal of overlap that is relevant to this reply, and for the purposes of brevity herein.

**SUMMARY**: In its opposition to Mr. Goodwyn's motion at ECF No. 61, the Government makes similar, if not the same arguments that it made against precluding certain language, terms, and false associations. Up front, the Government wants to present witness testimony, video, audio, and potentially documents that are about other people and events at the Capitol on January 6, 2021 that have nothing to do with proving the elements of the charges for which Mr. Goodwyn is indicted. The Government wants to be able to present crowd chants, conflict in the west terrace

tunnel, clashes between protestors and police, shouting in the building, damage to doors and windows, and anything anyone did and said before or on January 6, 2021 despite none of this being seen or involving Mr. Goodwyn.  The Government is arguing that convicting Mr. Goodwyn must include the words and actions of others where he was in no conspiracy, joint venture, or acting as an accomplice. This is not "relevant" evidence to the charges against Mr. Goodwyn. The government overcharged Mr. Goodwyn and because it has such a weak case, wants the Court to approve evidence about others' words and activity that does nothing but appeal to jury emotion, with the result being an unfairly prejudiced and confused jury that is likely to convict Mr. Goodwyn based on others' words and actions for crimes he is not charged with. In the process, the Government knows it can create unfair prejudice when what it wants to show about others has zero tendency to prove any fact related to the charges and elements it must prove against Mr. Goodwyn.

**INACCURACIES IN THE GOVERNMENT'S FACTS AND PROCEDURAL BACKGROUND**:  The Government spent four pages of its response repeating a Factual Background it used in other motions and responses where many of the facts read like an abbreviated version of the hundreds of cookie cutter FBI affidavits about January 6, 2021. The facts included about Mr. Goodwyn have many errors. The Government tagged on a short procedural history section. That has inaccuracies about the difference between the initial and superseding indictments. Both sections contain the errors and inaccuracies as found in the Government's response at ECF No. 66 to preclude certain language, terms, and false associations. Mr. Goodwyn's reply at ECF No. 73 addressed the inaccuracies and will not repeat those here. Mr. Goodwyn stipulates to no facts as presented at this time, especially because it seems the standard from DOJ and its FBI is "good enough for government work." From Mr. Goodwyn's perspective, a higher standard of accuracy should apply where liberty, truth, and justice are implicated.

**WHAT THE MOTION SOUGHT TO PRECLUDE AS IRRELEVANT, NON-PROBATIVE, UNFAIRLY PREJUDICIAL, AND INFLAMMATORY:**

A. Actions and Interactions of Law Enforcement Officers With Other Protestors at the Capitol on January 6, 2021, Should be Excluded Unless the Actions Specifically Involve Mr. Goodwyn.

B. Crowd Actions at Other Sites and Events Whether On or Off the U.S. Capitol Grounds Should Be Excluded if There is No Direct Involvement by Mr. Goodwyn.

C. Any threats perceived by members of Congress from protestors Should Be Excluded

D. Any Expert Witness on Crowd Violence and Threats Should Be Excluded.

E. Any Testimony or Other Evidence Concerning Police Injuries Should Be Excluded.

F. Any witness testimony or evidence related to damage to any doors, windows, or property in the Capitol Should Be Excluded.

G. Claiming or Insinuating that Mr. Goodwyn Ever Had Direct Contact or Communications with President Trump Should be Excluded Because it is False.

H. Actions and Words by Others That Manufactures Unconstitutional Guilt by Association as to What Others Did, Said, or Otherwise Opined Should Be Excluded.

The rationale for each of the above was contained in the motion.

## ARGUMENT

**The Government's argument that it must show *other* "rioter's" actions is its attempt to convict Mr. Goodwyn for a crime not charged and without proving its case on any of the crimes charged**.

First, the Government has no evidence that Mr. Goodwyn was a rioter, and he is not charged with rioting. He did not riot. The term can only be inflammatory when the crime is not charged.

The argument that the actions and intent of others who were rioting must be shown for context is inapposite to American justice standards where except for strict liability and conspiracy, a crime requires the individual defendant to have intent to achieve the purpose of the crime and to act. He is not charged with rioting. "All crimes require some kind of intent. Intent

means that a person had a purpose to do a thing. It means that he . . . acted with the will to do a thing. It means that he . . . acted consciously or voluntarily, and not inadvertently or accidentally." *U.S. v. Baird*, 778 F. Supp. 534, 537 (D.D.C. 1990). There is no probative value to the crimes Mr. Goodwyn is charged with in showing what the government declares rioting by others. By using "rioting" and "rioter" and other pejorative labels and terms with victim testimony, audio, and video totally unrelated to Mr. Goodwyn's circumstances, the Government wants the jury to become emotional, confused, and unfairly biased, and to convict Mr. Goodwyn for a crime not charged because the Government cannot prove what was charged.

None of the crimes Mr. Goodwyn is charged with involve context of what was happening elsewhere or what was being done by people he knew nothing about, did not act in concert with, and where the acts were not known or visible to him. There is no "context" to the charge of knowingly entering a restricted area that requires showing "rioting. " The defense must conduct a mini trial within the trial  so that Mr. Goodwyn is not denied due process and convicted for the actions of others for a crime he is not charged with. The Government wants to confuse and mislead the jury into convicting Mr. Goodwyn based on the acts of others and not for proven intent and all elements related to acts by Mr. Goodwyn for each charge.

The Government's allegation on page 6 of its response that Mr. Goodwyn does not get to use the "mob" as a sword and shield is puzzling because he does not believe he saw a mob, he did not "storm" the Capitol as claimed by the Government, and he has made no attempt to use anyone as a sword or shield. Mr. Goodwyn offers no further comment on the gratuitous statement and its inappropriate language, other than noting it exemplifies the Government's intended strategy of appealing to jury emotion rather than presenting proven, accurate facts and evidence.

The prosecution cannot state with  straight face that anyone on the jury needs to be presented with the imagery, audio, and testimony about January 6, 2021 that has inundated D.C. in every form of media and news since January 6, 2021. If there was such a case of a recent arrival from outer space, we might stipulate to use of a preemptory challenge. There is no probative value in what happened elsewhere on the grounds by others, and none of it makes any fact surrounding Mr. Goodwyn's intent or actions more likely than not. The evidence and witness testimony the Government wants to use for "context" is irrelevant. None of what the Government wants to be able to introduce provides any proof for any element of what Mr. Goodwyn has been charged with. There is no limiting instruction that can make images and words unseen and unheard, especially when their use was designed to elicit an emotional response from jury members who can be considered victims of the aftermath National Guard occupation of the city. Evidence used to appeal to jury emotion that has no probative value in impermissible.

There is no legal standard in criminal law for individual criminal charges where the alleged actions must be shown under an umbrella and context of everything else happening in the area, especially regarding people and activity a defendant was unaware of and was not directly part of a defendant's intent and actions. Showing the jury people breaking windows, snippets of protestors cursing at police, a crowd pushing back against police at the west terrace "tunnel," people pushing down bicycle racks, and a crowd in the rotunda or crypt are not "context" regarding Mr. Goodwyn. He did not do those things, was not with people who did those things, and was unaware of that activity. This type "evidence" that had nothing to do with where Mr. Goodwyn was located and the peaceful crowd he was near can only be unfairly prejudicial with no probative value to balance against.

The Government refers to all protestors as a "mob," "insurrectionists," "extremists," "rioters," and a number of other names without proving the terms are fitting. The Government bombards juries and the media with these terms. Mr. Goodwyn did not "riot" and he was not part of a "mob." The Government falsely claims that Mr. Goodwyn was a rioter and part of a mob. This is unsupported and is precisely the inflammatory language the government relies upon to convict Mr. Goodwyn rather than proving all elements of all the charges in the indictment.

**Mr. Goodwyn's Motion is Not Premature.** Mr. Goodwyn entered his motion because the Government has made introduction of irrelevant and unfairly prejudicial items as listed in the motion its modus operandi for jury trials. If denied right before trial, the defense will not have the time to prepare a strategy to counter what should not be admitted. And the Court should consider making the Government prove its case rather than allowing the Government to deny him due process by offering the jury an option for an uncharged "terrorist, insurrectionist, rioter, mob member et al" who was not charged with those crimes to instead convict him of crimes the Government cannot prove. Unfair prejudice, inflammatory irrelevant "evidence," and highly charged emotions on a jury comprised of victims open the door wide to such an outcome.

**Nothing Mr. Goodwyn did or said caused an injury to law enforcement**. As in the preceding argument, the Government wants to be allowed to create unfair prejudice and an emotional jury. Bringing in a crying police officer who claimed injuries where Mr. Goodwyn was in no way involved has zero probative value. the Government's argument in ECF 67 at 8 states it needs to do this to show there was a riot. Mr. Goodwyn is not charged with rioting, inciting a riot, or violence. As stated above, the Government wants the jury to convict him of rioting. And the Government's illogical argument that (protest or) rioting by others outside the building or inside where Mr. Goodwyn was never present is part of proving Section 1512(c)(2)

contradicts the fundamentals of American law. This is not a civil suit tort for negligence. Either Mr. Goodwyn individually committed the crimes charged or not. Further, law enforcement injuries had nothing to do with the departure of Congress. They did not depart because law enforcement injuries occurred. Yet again the Government proves that there is no limit to what it can claim violates Section 1512(c)(2). In its response, the Government asserts that actions by others who injured USCP somewhere where even though Mr. Goodwyn has no involvement, he is guilty of violating Section 1512(c)(2) even though he was outside where he believed he could be among a peaceful group of protestors. The Government's lack of logic is mind boggling.

On page 8 of its response the Government wants to introduce evidence of chants by the "mob." The Government asserts that it is relevant if Mr. Goodwyn was merely present. This is another instance of the Government ignoring legal standards that require an individual act. Despite the fact that any chants were protected speech, Mr. Goodwyn did not participate. His statement about going inside "for this to work" was about supporting Senator Cruz and objections. The Government's false assertion that chants anywhere by the crowd had anything to do with Section 1512(c)(2) is astounding. Additionally, on page 9 the Government just fabricates that Mr. Goodwyn would have seen police battling with rioters, using riot control measures, and being injured. This is false and unethical fabrication. Mr. Goodwyn's approach to the Senate wing door gave no such imaginary view of battles, and instead was observed by a group of police who stood by watching, casually. The Government asserts that Mr. Goodwyn encouraged a mob to enter,  and this shows his intent to obstruct a Congress that was long departed by 3:32 pm. As stated in ECF No. 73, the Defense will put forth mini trials to counter fabrications the government wants to parade as evidence if it is allowed to try to obtain a conviction by lies, and irrelevant and unfairly prejudicial material.

**The Government is manufacturing impermissible aiding and abetting evidence in contradiction of *Rosemond*.** This is addressed in ECF No. 73 and will not be repeated here. The above paragraph and the Government's assertion that damage caused by others provides evidence of guilt for the 1512(c)(2) contradict *Rosemond*.

**Damage caused to the building cannot be attributed to Mr. Goodwyn**. The Defense prefers to argue against the false logic in a hearing that damage outside the building caused Congress to flee, and therefore Mr. Goodwyn who neither saw  nor participated in causing damage is guilty of violating Section 1512(c)(2).

**CONCLUSION:**

Wherefore, because the Government has no legitimate reason to enter irrelevant, non-probative, unfairly prejudicial, and emotional-only evidence, the Court should preclude such evidence and grant Mr. Goodwyn's motion at ECF No. 62.

Dated November 14, 2022　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　/s/ Carolyn A. Stewart

　　　　　　　　　　　　　　　　　　Carolyn A. Stewart, Bar No. FL-0098
　　　　　　　　　　　　　　　　　　Defense Attorney
　　　　　　　　　　　　　　　　　　Stewart Country Law PA
　　　　　　　　　　　　　　　　　　1204 Swilley Rd.
　　　　　　　　　　　　　　　　　　Plant City, FL 33567
　　　　　　　　　　　　　　　　　　Tel: (813) 659-5178
　　　　　　　　　　　　　　　　　　E: Carolstewart_esq@protonmail.com


Dated November 14, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Joseph D. McBride, Esq.

　　　　　　　　　　　　　　　　　　Joseph D. McBride, Esq.
　　　　　　　　　　　　　　　　　　Bar ID: NY0403
　　　　　　　　　　　　　　　　　　THE MCBRIDE LAW FIRM, PLLC
　　　　　　　　　　　　　　　　　　99 Park Avenue, 6th Floor
　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　p: (917) 757-9537
　　　　　　　　　　　　　　　　　　e: jmcbride@mcbridelawnyc.com


## CERTIFICATE OF SERVICE

I hereby certify on the 14th day of November 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.


　　　　　　　　　　　　　　　/s/ Carolyn A. Stewart
　　　　　　　　　　　　　　　Carolyn A. Stewart, Esq.