UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | Case No. 1:21-cr-00153 (RBW) |
| ) | |
| DANIEL GOODWYN,        ) | |
| ) | |
| Defendant.        ) | |

**DEFENDANT'S UNOPPOSED MOTION TO APPLY RULE 32 TIMES BASED ON THE PRESENTENCING REPORT DELIVERY, WITH MEMORANDUM OF LAW**

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and respectfully moves this court to apply the Federal Rules of Criminal Procedure Rule 32 timelines where Mr. Goodwyn should be given fourteen days to object as needed to anything in the initial Presentencing Report, and where 35 days minimum notice is required - unless waived by the Defendant - from the Presentence Report delivery to this Court's sentencing date. He respectfully requests that since he has not waived the 35 day minimum period, that the sentencing date be changed to June 5, 2023 given the May 1, 2023 scheduled delivery of the Presentencing Report. Alternatively, if the Presentencing Report can be delivered earlier (by April 25, 2023) to allow the minimum 35 days of notice, Mr. Goodwyn asks the Court to retain the May 31, 2023 sentencing date. Mr. Goodwyn states the following in support:

I.     BACKGROUND:

On January 31, 2023, Mr. Goodwyn pled guilty at a hearing before this Court to 18 U.S.C. § 1752(a)(1) as shown in the plea offer at ECF No. 82.

At the end of the hearing the Court set dates for sentencing. The date of delivery for the Presentence Report (the Report) was provided as May 1, 2023 - a fixed date by D.C. PSA. The Court then set the date for objections to the Report to be resolved by May 8, 2023 with sentencing

to follow shortly thereafter (where the dates of May 11-12th were mentioned). Defense counsel, without having the Federal Rules of Criminal Procedure in hand to directly quote, instead from basic rules memory raised the matter of the timelines as being too short.  As a note, the Zoom internet link connection during the Texas ice storm where Mr. Goodwyn and counsel were located was stable, but use of additional bandwidth for specific rules' lookup from cloud storage appeared ill-advised at the time.

The Court then directed the dates so that resolution of objections with the Presentencing Report will be by May 12, 2023 (eleven days after receipt of the Report), sentencing memoranda are due by May 22, 2023, and sentencing will be on May 31, 2023 (thirty days after receipt of the Report).

On January 31, 2023, immediately after the plea hearing, the Defense retrieved the Federal Rules of Criminal Procedure from which counsel raised the issue with the times being set during the hearing. Counsel then corresponded immediately thereafter on the afternoon of January 31, 2023 via email with the government and court clerk to ask that the Court's sentencing times follow Rule 32 of the Federal Rules of Criminal Procedure. The court clerk replied on the night of February 1, 2023 that the Defense should detail any concerns and issues in a motion that should be submitted on the ECF court system.

## MEMORANDUM OF LAW

**II.    LEGAL STANDARD**:

The Federal Rules of Criminal Procedure are an Appendix under Title 18 U.S.C. Criminal Statutes. Rule 32[1] of the Federal Rules of Criminal Procedure addresses sentencing, the times related to the Presentencing Report, objections to the Presentencing Report, and a sentencing date related to the Report.

Sentencing overall is to be without unnecessary delay. Fed R. Crim P. 32(b)(1). "The court may, for good cause, change any time limits prescribed in this rule." Fed. R. Crim. P. 32(b)(2).

A defendant is allowed a minimum time that as a right he must waive if sentencing is to occur in a shorter timeline after receipt of the Presentencing Report. Rule 32 states:

"*Minimum Required Notice.* The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim. P. 32(e)(2).

Rule 32 addresses objecting to the Report: "*Time to Object*. Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1).

The 35 days allows for discussion and resolution: "*Action on Objections.* After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate." Fed. R. Crim. P. 32(f)(3).

---

[1] Current through P.L. 117-262 (published on www.congress.gov on 12/21/2022).

**III.    ARGUMENT**.

As it stands, Mr. Goodwyn is not being afforded the fourteen day period to raise any objections with the Presentencing Report. It could be argued the Court may use discretion to reduce that fourteen day timeline for good cause. However, the government did not raise an issue with the fourteen days for objections or provide any good cause to not allow the time.  There is a required 35 day notice period from the delivery of the Report to sentencing, that does not appear to allow Court discretion without a defendant's waiver.

The Court's allowance of the full fourteen days to object to the Report, instead of the eleven days as ordered, will allow for the process envisioned in 18 U.S.C. statute's Rule 32. Because the fourteen days has no negative impact on the sentencing date and allows for a meeting and discussion process if necessary, the Court should apply Rule 32(f)(1) and set the date for objections as May 15, 2023 given the Report's May 1, 2023 delivery date.

Mr. Goodwyn also requests this Court allow his right of 35 days from receipt of the Report to sentencing date. Rule 32(e)(2) does not appear discretionary, where the probation officer must provide it at least 35 days before sentencing unless Mr. Goodwyn waives the time requirement. There is good reason to allow both fourteen days for any objections and to then provide the 35 days between the Presentence Report and sentencing. Rule 32 brings good reason into account for example by allowing time to resolve an error in the Report, potential medical disclosure issues, or a discrepancy with the plea agreement. Rule 32 provides for meetings and discussions to resolve issues and incorporates time for those if necessary. It then requires delivery to the Court by seven days before sentencing, with any unresolved issues clearly identified.

There is nothing to indicate at this time there will be an issue, but in such event, the Rule 32 timelines allow for resolution of issues before sentencing.  Mr. Goodwyn has no reason to waive

this statutory right of 35 days' notice even though he prefers to have the sentencing occur earlier rather than later.

The delivery of the Presentencing Report drives the timeline here. Mr. Goodwyn prefers to keep sentencing on May 31, 2023 if the Court would request that PSA deliver the Report by April 25, 2023, and PSA would agree. Mr. Goodwyn has no ability to coordinate directly with PSA for this change, where currently the Report will take almost 90 days. If an April 25, 2023 Report delivery is not possible given the workload for PSA officers involved in preparing reports, then because the 35 day timeline may be needed, and is a right not waived, Mr. Goodwyn requests the sentencing date be changed to June 5, 2023.

The government stated it is available any day in June 2023 for sentencing.

## IV.   CONCLUSION.

Because Fed R. Crim P. Rule 32 allows 35 days' notice as a right that requires waiver, and the time is not waived because events may require meeting and discussion time as Rule 32 intends, and because the fourteen days to object to anything in the report allows for a resolution process and has no negative impact on the sentencing date, Mr. Goodwyn requests the Court apply Federal Rules of Criminal Procedure Rule 32 for sentencing timelines.

**Wherefore**, for good cause shown Mr. Goodwyn respectfully requests that the date for objections to the Presentencing Report be changed to May 15, 2023 and that the sentencing date be changed to June 5, 2023 or for the next earliest date available on the Court's calendar. Alternatively, if the Presentencing Report can be delivered by April 25, 2023, Mr. Goodwyn requests the objection date be set not earlier than May 9, 2023, with sentencing to remain on May 31, 2023.

Dated February 3, 2023

Respectfully submitted,
/s/ Carolyn A. Stewart

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
E: Carolstewart_esq@protonmail.com

Respectfully submitted,
/s/ Joseph D. McBride, Esq.

Joseph D. McBride, Esq.
Bar ID: NY0403
Defense Attorney
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 3rd day of February 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn A. Stewart
Carolyn A. Stewart, Esq.