APPEAL,CAP,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00153−RBW</u>−1

Case title: USA v. GOODWYN

Magistrate judge case number:  1:21−mj−00063−ZMF

Date Filed: 02/24/2021

Assigned to: Judge Reggie B. Walton

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **DANIEL GOODWYN** | represented by | **John Daniel Hull , IV**<br>HULL MCGUIRE PC<br>1420 N Street, NW<br>Washington, DC 20005<br>202−429−6520<br>Fax: 412−261−2627<br>Email: <u>jdhull@hullmcguire.com</u><br>*TERMINATED: 10/05/2021*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Joseph Daniel McBride**<br>THE MCBRIDE LAW FIRM, PLLC<br>99 Park Avenue<br>25th Floor<br>New York, NY 10016<br>917−757−9537<br>Fax: 646−219−2012<br>Email: <u>jmcbride@mcbridelawnyc.com</u><br>*TERMINATED: 04/28/2023*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |
| | | **Carolyn Stewart**<br>1204 Swilley Road<br>Plant City, FL 33567<br>813−451−5753<br>Fax: 813−946−8066<br>Email: <u>carolstewart_esq@protonmail.com</u><br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

1

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. 1512(c)(2); TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding (1) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting. (1s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18 U.S.C. 1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (2) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds. (2s) | Defendant sentenced to Sixty (60) Days of incarceration with credit for time served followed by One (1) Year of Supervised Release. Special Assessment of $25 imposed. Restitution of $500 imposed. Fine of $2,500 imposed. |
| 18 U.S.C. 1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds (3) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 18:1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (3s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40 U.S.C. 5104(e)(2)(D); FEDERAL STATUTES, OTHER; Disorderly Conduct in a Capitol Building (4) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40:5104(e)(2)(D); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Disorderly Conduct | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |

in a Capitol Building.
(4s)

| | |
|---|---|
| 40 U.S.C. 5104(e)(2)(G); FEDERAL STATUTES, OTHER; Parading, Demonstrating, or Picketing in a Capitol Building (5) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |
| 40:5104(e)(2)(G); VIOLENT ENTRY AND DISORDERLY CONDUCT ON CAPITOL GROUNDS; Parading, Demonstrating, or Picketing in a Capitol Building. (5s) | DISMISSED ON ORAL MOTION OF THE GOVERNMENT |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:1752(a)(1) and (2) and 40:5104(e)(2)(D) and (G) | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Brian Daniel Brady**<br>DOJ–CRM<br>1301 New York Avenue NW<br>Washington DC, DC 20005<br>202–834–1916<br>Email: brian.brady@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant U.S. Attorney*<br><br>**Christopher Berridge**<br>U.S. ATTORNEY'S OFFICE FOR THE |

DISTRICT OF COLUMBIA
555 4th Street NW
Washington, DC 20001
(202) 252–6685
Email: christopher.berridge@usdoj.gov
*TERMINATED: 02/25/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Andrew Haag**
USAO
Criminal Division
601 D Street NW
Washington, DC 20530
202–252–7755
Email: andrew.haag@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Lucy Sun**
DOJ–USAO
595 Main Street
Worcester, MA 01608
508–368–0103
Email: lucy.sun@usdoj.gov
*TERMINATED: 01/26/2022*
*Designation: Assistant U.S. Attorney*

**Susan Lehr**
DOJ–USAO
1620 Dodge Street
Suite 1400
Omaha, NE 68102–1506
(402) 661–3715
Email: susan.lehr@usdoj.gov
*TERMINATED: 04/29/2022*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2021 | 1 | COMPLAINT as to DANIEL GOODWYN (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21–mj–00063–ZMF] (Entered: 01/15/2021) |
| 01/15/2021 | 3 | NOTICE OF ATTORNEY APPEARANCE Christopher Berridge appearing for USA. (Berridge, Christopher) [1:21–mj–00063–ZMF] (Entered: 01/15/2021) |
| 01/29/2021 | | Arrest of DANIEL GOODWYN in U.S. District Court for the Eastern District of Texas (Sherman). (zltp) [1:21–mj–00063–ZMF] (Entered: 02/25/2021) |
| 02/16/2021 | 5 | Rule 5(c)(3) Documents Received as to DANIEL GOODWYN from U.S. District Court for the Eastern District of Texas (Sherman) Case Number 4:21–mj–00092–KPJ (zltp) [1:21–mj–00063–ZMF] (Entered: 02/25/2021) |

| 02/21/2021 | 4 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Sun, Lucy added. (Sun, Lucy) [1:21–mj–00063–ZMF] (Entered: 02/21/2021) |
|---|---|---|
| 02/24/2021 | 6 | INDICTMENT as to DANIEL GOODWYN (1) count(s) 1, 2, 3, 4, 5. (zltp) (Entered: 02/25/2021) |
| 02/25/2021 | 8 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Sun, Lucy added. (Sun, Lucy) (Entered: 02/25/2021) |
| 03/05/2021 | 9 | NOTICE OF ATTORNEY APPEARANCE: John Daniel Hull, IV appearing for DANIEL GOODWYN (Hull, John) (Entered: 03/05/2021) |
| 03/10/2021 | | ORAL MOTION for Speedy Trial by DANIEL GOODWYN. (ztl) (Entered: 04/02/2021) |
| 03/10/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to DANIEL GOODWYN held on 3/10/2021. Defendant present by video. Defendant retained counsel. Conditions of Release given to Defendant and 3rd party custodian sworn to conditions. Oral Motion by the Government for Speedy Trial as to DANIEL GOODWYN (1); heard and granted. Speedy Trial Excluded from 3/10/2021 to 4/2/2021 in the Interest of Justice (XT). Arraignment/Status Hearing set for 4/2/2021 at 2:00 PM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: FTR–Gold; FTR Time Frame: Ctrm 4: [1:35:36–1:49:37];Defense Attorney: John Hull, IV; US Attorney: Jacob Steiner for Lucy Sun; Pretrial Officer: John Copes. (ztl) (Entered: 04/02/2021) |
| 03/12/2021 | 12 | ORDER Setting Conditions of Release as to DANIEL GOODWYN (1) Defendant Remain on Personal Recognizance. Signed by Magistrate Judge Zia M. Faruqui on 3/12/2021. (ztl) (Entered: 04/02/2021) |
| 04/01/2021 | 10 | Unopposed MOTION to Continue *and Exclude Time Under the Speedy Trial Act* by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Sun, Lucy) (Entered: 04/01/2021) |
| 04/01/2021 | 11 | Unopposed MOTION for Protective Order by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A)(Sun, Lucy) (Entered: 04/01/2021) |
| 04/01/2021 | 13 | MOTION to Exclude Time by USA as to DANIEL GOODWYN. (See docket entry 10 to view document). (zstd) (Entered: 04/04/2021) |
| 04/02/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Arraignment as to DANIEL GOODWYN (1) held on 4/2/2021, A Not Guilty Plea is entered as to Counts 1–5 of the Indictment. Speedy Trial Time Excluded 4/2/2021–6/3/2021(XT). Status Conference set for 6/3/2021 at 10:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/ Defendant appeared by video; Court Reporter: Cathryn Jones; Defense Attorney: John Hull,IV; US Attorney: Lucy Sun; (hs) (Entered: 04/02/2021) |
| 04/05/2021 | 14 | GENERAL ORDER GOVERNING CRIMINAL CASES BEFORE THE HONORABLE REGGIE B. WALTON. Signed by Judge Reggie B. Walton on April 5, 2021. (lcrbw1) (Entered: 04/05/2021) |
| 04/06/2021 | 15 | ORDER. granting 10 Motion to Exclude as to DANIEL GOODWYN (1); granting 11 Motion for Protective Order as to DANIEL GOODWYN (1). Signed by Judge Reggie |

| | | |
|---|---|---|
| | | B. Walton on 4/5/2021. (hs) (Entered: 04/06/2021) |
| 04/06/2021 | 16 | PROTECTIVE ORDER. Setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 4/5/2021. (hs) (Entered: 04/06/2021) |
| 06/02/2021 | 17 | ENTERED IN ERROR.....NOTICE *of Filing of Daniel Goodwyn's Executed Acceptance (Exhibit A) of Court's Protective Order* by DANIEL GOODWYN (Hull, John) Modified on 6/2/2021 (zstd). (Entered: 06/02/2021) |
| 06/02/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to DANIEL GOODWYN re 17 Notice (Other) was entered in error and counsel was instructed to refile said pleading. The defendant's acceptance attachment needs to be filed with a notice of filing as the main document and the defendant's acceptance has the attachment.(zstd) (Entered: 06/02/2021) |
| 06/04/2021 | 19 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 6/4/2021. (hs) (Entered: 06/04/2021) |
| 06/07/2021 | 20 | NOTICE *OF FILING OF ACCEPTANCE OF PROTECTIVE ORDER* by DANIEL GOODWYN re 16 Protective Order (Attachments: # 1 Exhibit Goodwyn Acceptance of Protective Order)(Hull, John) (Entered: 06/07/2021) |
| 07/28/2021 | 22 | MOTION to Revoke *the Defendant Daniel Goodwyn's Pretrial Release* by USA as to DANIEL GOODWYN. (Sun, Lucy) (Entered: 07/28/2021) |
| 07/29/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Emergency Bond Motion Hearing set for 7/30/2021 at 12:30 PM by Telephonic/VTC before Judge Reggie B. Walton. (hs) (Entered: 07/29/2021) |
| 07/30/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 7/30/2021. 22 MOTION to Revoke the Defendant's Pretrial Release by USA; Held in Abeyance. Conditions of pretrial release modified to include: Remote monitoring by the Pretrial Services Office. An oral request for a Mental Health Assessment conducted by Pretrial Services; granted. Bond Status of Defendant: Personal Recognizance/Appeared via Telephone; Court Reporter: Bryan Wayne; Defense Attorney: John Hull; US Attorney: Lucy Sun; Pretrial Officer: John Copes–DC/Lorene Dudley–TX; (hs) (Entered: 07/30/2021) |
| 08/02/2021 | 23 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 7/30/2021. (hs) (Entered: 08/02/2021) |
| 08/03/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 8/5/2021 at 10:00 AM by VTC before Judge Reggie B. Walton. (hs) (Entered: 08/03/2021) |
| 08/04/2021 | 24 | NOTICE by DANIEL GOODWYN (Attachments: # 1 Exhibit Holmes 08032021 letter, # 2 Exhibit Holmes CV)(Hull, John) (Entered: 08/05/2021) |
| 08/05/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 8/5/2021. A joint oral request for a 60 day continuance; heard and granted. Speedy Trial Time Excluded 8/5/201 – 10/5/2021(XT). Status Conference set for 10/5/2021 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/Appeared via video; Court Reporter: Lorraine Herman; Defense Attorney: John Hull; US Attorney: Lucy Sun; Pretrial Officer: John Copes; (hs) Modified on 10/1/2021 (hs). (Entered: 08/05/2021) |

| 08/06/2021 | 25 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 8/6/2021. (hs) (Entered: 08/06/2021) |
|---|---|---|
| 08/30/2021 | 26 | NOTICE OF ATTORNEY APPEARANCE: Joseph Daniel McBride appearing for DANIEL GOODWYN (McBride, Joseph) (Entered: 08/30/2021) |
| 10/01/2021 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 10/5/2021 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. (hs) (Entered: 10/01/2021) |
| 10/03/2021 | 27 | MOTION to Withdraw as Attorney *for Defendant* by John Daniel Hull. by DANIEL GOODWYN. (Hull, John) (Entered: 10/03/2021) |
| 10/04/2021 | 28 | NOTICE *MEMORANDUM REGARDING STATUS OF DISCOVERY Regarding Status of General Discovery* by USA as to DANIEL GOODWYN (Sun, Lucy) Modified event title on 10/4/2021 (zstd). (Entered: 10/04/2021) |
| 10/05/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 10/5/2021. A joint oral request for a 60 day continuance; heard and granted. Oral ruling issued, granting 27 MOTION to Withdraw as Attorney for Defendant by John Daniel Hull. Speedy Trial Time Excluded 10/5/2021–12/9/2021(XT). Status Conference set for 12/9/2021 at 09:00 AM by VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance/Appeared via video; Court Reporter: Cathryn Jones; Defense Attorney: Joseph McBride; US Attorney: Lucy Sun; (hs) (Entered: 10/05/2021) |
| 10/05/2021 | | MINUTE ORDER, granting 27 Motion to Withdraw as Attorney. John Daniel Hull, IV withdrawn from case. as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 10/5/2021. (hs) (Entered: 10/05/2021) |
| 10/06/2021 | 30 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 10/5/2021. (hs) (Entered: 10/06/2021) |
| 10/13/2021 | 31 | MOTION for an Order to Disclose *Items Protected By FRCP 6(e) and Sealed Materials* by USA as to DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Sun, Lucy) Modified event title on 10/14/2021 (zstd). (Entered: 10/13/2021) |
| 10/27/2021 | 32 | NOTICE *Regarding Status of General Discovery* by USA as to DANIEL GOODWYN (Sun, Lucy) (Entered: 10/27/2021) |
| 11/09/2021 | 33 | NOTICE *of the Government's Discovery Update* by USA as to DANIEL GOODWYN (Sun, Lucy) (Entered: 11/09/2021) |
| 11/10/2021 | 34 | SUPERSEDING INDICTMENT as to DANIEL GOODWYN (1) count(s) 1s, 2s, 3s, 4s, 5s. (zhsj) (Entered: 11/15/2021) |
| 01/04/2022 | 36 | ORDER, granting 31 Motion for Disclosure as to DANIEL GOODWYN (1) Signed by Judge Reggie B. Walton on 1/3/2022. (adh, ) (Entered: 01/04/2022) |
| 01/07/2022 | | Set/Reset Hearings as to DANIEL GOODWYN: Status Conference set for 1/10/2022 at 02:00 PM by VTC before Judge Reggie B. Walton. (adh ) (Entered: 01/07/2022) |
| 01/10/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference/Arraignment as to DANIEL GOODWYN held on 1/10/2022. A joint oral request for a continuance; heard and granted. Arraignment as to DANIEL GOODWYN (1) Counts 1s–5s of the Superseding Indictment. Not Guilty Plea entered as to all counts. Speedy Trial Time Excluded (XT) 12/9/2021 – 3/28/2022. |

| | | |
|---|---|---|
| | | Status Conference set for 3/28/2022 at 09:30 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance / appeared by video; Court Reporter: Cathryn Jones; Defense Attorney: Joesph McBride; US Attorney: Lucy Sun. (adh, ) (Entered: 01/10/2022) |
| 01/11/2022 | 38 | ORDER, as to DANIEL GOODWYN Signed by Judge Reggie B. Walton on 1/10/2022. (adh ) (Entered: 01/11/2022) |
| 01/26/2022 | 39 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Lehr, Susan added. (Lehr, Susan) (Entered: 01/26/2022) |
| 02/11/2022 | 40 | STATUS REPORT *Regarding Status of Discovery as of 2−9−22* by USA as to DANIEL GOODWYN (Lehr, Susan) (Entered: 02/11/2022) |
| 03/02/2022 | 41 | MOTION to Modify Conditions of Release by DANIEL GOODWYN. (McBride, Joseph) (Entered: 03/02/2022) |
| 03/08/2022 | 42 | ORDER, denying 22 Motion to Revoke as to DANIEL GOODWYN (1); granting 41 Motion to Modify Conditions of Release as to DANIEL GOODWYN (1) Signed by Judge Reggie B. Walton on 3/7/2022. (adh, ) (Entered: 03/08/2022) |
| 03/15/2022 | 43 | MOTION to Modify Conditions of Release by DANIEL GOODWYN. (McBride, Joseph) (Entered: 03/15/2022) |
| 03/22/2022 | 44 | ORDER, granting 43 Motion to Modify Conditions of Release as to DANIEL GOODWYN (1). Signed by Judge Reggie B. Walton on 3/21/2022. (adh, ) (Entered: 03/22/2022) |
| 03/25/2022 | 46 | Unopposed MOTION to Strike by USA as to DANIEL GOODWYN. (Lehr, Susan) (Entered: 03/25/2022) |
| 03/28/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 3/28/2022. A joint oral request for a continuance; heard and granted. Speedy Trial Time Excluded (XT) 3/28/2022 − 6/16/2022. Status Conference set for 6/16/2022 at 09:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Personal Recognizance / appeared via video; Court Reporter: Cathryn Jones; Defense Attorney: Joseph McBride; US Attorney: Susan Lehr. (adh, ) (Entered: 03/28/2022) |
| 03/30/2022 | 47 | ORDER as to DANIEL GOODWYN. Signed by Judge Reggie B. Walton on 3/28/2022. (adh, ) (Entered: 03/30/2022) |
| 04/29/2022 | 48 | NOTICE OF ATTORNEY APPEARANCE Brian Daniel Brady appearing for USA. (Attachments: # 1 Certificate of Service)(Brady, Brian) (Entered: 04/29/2022) |
| 06/16/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton:Status Conference as to DANIEL GOODWYN held on 6/16/2022. Parties Updated The Court On The Current Posture Of This Matter. Defendant Request One (1) Month Continuance With No Objection From The Government. Status Conference set for 7/14/2022 at 9:00 AM in Telephonic/VTC before Judge Reggie B. Walton. With The Consent Of The Defendant, Speedy Trial Time Is Tolled 6/16/22 − 7/14/22 In The Interest Of Justice (XT). Bond Status of Defendant: APPEARED VIA VTC − REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: CATHRYN JONES; Defense Attorney: JOSEPH MCBRIDE; US Attorney: SUSAN LEHR; (mac) (Entered: 06/16/2022) |

| 06/16/2022 | 50 | ORDER as to DANIEL GOODWYN. (See Order For Details) Signed by Judge Reggie B. Walton on 06/16/22. (mac) (Entered: 06/16/2022) |
|---|---|---|
| 07/14/2022 | | Minute Entry for proceedings held Via VTC before Judge Reggie B. Walton:Status Conference as to DANIEL GOODWYN held on 7/14/2022. Parties Updated The Court In Regards To The Current Posture Of This Matter. Status Conference set for 7/27/2022 at 9:30 AM in Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: APPEARED VIA VTC – REMAINS ON PERSONAL RECOGNIZANCE; Court Reporter: CATHRYN JONES; Defense Attorney: JOSEPH MCBRIDE; US Attorney: DANIEL BRADY; (mac) (Entered: 07/14/2022) |
| 07/14/2022 | 52 | ORDER as to DANIEL GOODWYN That The Parties Shall Appear Before The Court For A Status Hearing On July 27, 2022 at 9:30a.m. Via Videoconference. Signed by Judge Reggie B. Walton on 07/14/22. (mac) (Entered: 07/14/2022) |
| 07/27/2022 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to DANIEL GOODWYN held on 7/27/2022. Government hopes to offer by a plea deal by the end of the week. Trial date requested. Jury Trial set for 2/27/2023 at 9:00 AM in Courtroom 16 before Judge Reggie B. Walton. Pretrial Conference set for 1/19/2023 at 2:00 PM. Motions in Limine due by 9/30/2022. Responses due by 10/28/2022. Replies due by 11/11/2022. Court Order to follow. Bond Status of Defendant: Remains on personal recognizance; appeared via video. Court Reporter: Cathryn Jones. Defense Attorney: Joseph McBride. US Attorney: Brian Brady. (zcdw) (Entered: 07/29/2022) |
| 08/02/2022 | 53 | GENERAL ORDER as to DANIEL GOODWYN Governing Criminal Cases Before The Honorable Reggie B. Walton. (See Order For Details)Signed by Judge Reggie B. Walton on 08/02/22. (mac) (Entered: 08/02/2022) |
| 08/02/2022 | 54 | PRE–TRIAL SCHEDULING ORDER as to DANIEL GOODWYN.Signed by Judge Reggie B. Walton on 08/02/22. (mac) (Entered: 08/02/2022) |
| 09/30/2022 | 55 | NOTICE OF ATTORNEY APPEARANCE: Carolyn Stewart appearing for DANIEL GOODWYN (Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 56 | MOTION for 404(b) Evidence by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order)(Brady, Brian) Modified event title and text on 9/30/2022 (zstd). (Entered: 09/30/2022) |
| 09/30/2022 | 57 | MOTION in Limine by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service)(Brady, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 58 | MOTION in Limine by USA as to DANIEL GOODWYN. (Attachments: # 1 Certificate of Service, # 2 Declaration, # 3 Declaration)(Brady, Brian) (Entered: 09/30/2022) |
| 09/30/2022 | 59 | MOTION to Dismiss Count by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 60 | MOTION in Limine *Preclude Inflammatory Terms* by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 61 | MOTION in Limine *Preclude Testimony and Evidence* by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 62 | |

| | | |
|---|---|---|
| | | ERRATA by DANIEL GOODWYN re 61 Motion in Limine (Stewart, Carolyn) (Entered: 09/30/2022) |
| 09/30/2022 | 63 | NOTICE *Of Intent to Apply Section 1512 Affirmative Defense* by DANIEL GOODWYN (Stewart, Carolyn) (Entered: 09/30/2022) |
| 10/24/2022 | 64 | MOTION to Dismiss Count by DANIEL GOODWYN. (Attachments: # 1 Exhibit Proposed Order)(Stewart, Carolyn) (Entered: 10/24/2022) |
| 10/24/2022 | 65 | MOTION for Leave to File *out of time* by USA as to DANIEL GOODWYN. (Attachments: # 1 Exhibit GOV Response to Def MTD Count One (ECF 59))(Brady, Brian) (Entered: 10/24/2022) |
| 10/28/2022 | 66 | RESPONSE by USA as to DANIEL GOODWYN re 60 MOTION in Limine *Preclude Inflammatory Terms* (Brady, Brian) (Entered: 10/28/2022) |
| 10/28/2022 | 67 | RESPONSE by USA as to DANIEL GOODWYN re 61 MOTION in Limine *Preclude Testimony and Evidence* (Brady, Brian) (Entered: 10/28/2022) |
| 10/28/2022 | 68 | RESPONSE by DANIEL GOODWYN re 56 MOTION for 404(b) Evidence (Attachments: # 1 Exhibit Proposed Order, # 2 Exhibit)(Stewart, Carolyn) (Entered: 10/28/2022) |
| 10/28/2022 | 69 | RESPONSE by DANIEL GOODWYN re 58 MOTION in Limine , 57 MOTION in Limine (Stewart, Carolyn) (Entered: 10/28/2022) |
| 11/07/2022 | 70 | RESPONSE by DANIEL GOODWYN re 65 MOTION for Leave to File *out of time* (Stewart, Carolyn) (Entered: 11/07/2022) |
| 11/07/2022 | 71 | MOTION for Extension of Time to *file pretrial jury related documents* by DANIEL GOODWYN. (Attachments: # 1 Text of Proposed Order)(Stewart, Carolyn) (Entered: 11/07/2022) |
| 11/10/2022 | 72 | REPLY in Support by USA as to DANIEL GOODWYN re 58 MOTION in Limine , 57 MOTION in Limine *USSS and CCTV evidence* (Brady, Brian) (Entered: 11/10/2022) |
| 11/14/2022 | 73 | REPLY TO OPPOSITION to Motion by DANIEL GOODWYN re 60 MOTION in Limine *Preclude Inflammatory Terms Response at No. 66* (Stewart, Carolyn) (Entered: 11/14/2022) |
| 11/14/2022 | 74 | REPLY TO OPPOSITION to Motion by DANIEL GOODWYN re 61 MOTION in Limine *Preclude Testimony and Evidence reply Govt dkt 67* (Stewart, Carolyn) (Entered: 11/14/2022) |
| 11/17/2022 | 75 | NOTICE OF ATTORNEY APPEARANCE Andrew Haag appearing for USA. (Haag, Andrew) (Entered: 11/17/2022) |
| 12/16/2022 | 76 | ORDER granting 65 Motion for Leave to File out of time as to DANIEL GOODWYN (1). See attached Order for details. Signed by Judge Reggie B. Walton on 12/16/2022. (zcdw) (Entered: 12/21/2022) |
| 12/16/2022 | 77 | ORDER granting in part and denying in part 71 Motion for Extension of Time to file pretrial jury related documents as to DANIEL GOODWYN (1). See attached Order for details. Signed by Judge Reggie B. Walton on 12/16/2022. (zcdw) (Entered: 12/21/2022) |

| 12/22/2022 | 78 | ORDER as to DANIEL GOODWYN That The Parties December 22,2022 Deadline To Submit Joint Proposed Voir Dire Questions, Jury Instructions And Verdict Forms Is Vacated. Signed by Judge Reggie B. Walton on 12/22/22. (mac) (Entered: 12/22/2022) |
| --- | --- | --- |
| 12/22/2022 | 79 | MOTION for Extension of Time to File Response/Reply *to ECF No.65-1* by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) (Entered: 12/22/2022) |
| 12/27/2022 | | Set/Reset Deadlines/Hearings as to DANIEL GOODWYN: Plea Agreement Hearing set for 1/31/2023 at 2:00 PM via video conference before Judge Reggie B. Walton. (zcdw) (Entered: 12/27/2022) |
| 01/09/2023 | 80 | ORDER as to DANIEL GOODWYN That The Pre–Trial Conference Scheduled For January 19, 2023 Is Vacated. Signed by Judge Reggie B. Walton on 01/09/23. (mac) (Entered: 01/09/2023) |
| 01/31/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Plea Agreement Hearing as to DANIEL GOODWYN held on 1/31/2023. Plea of guilty entered on Count 2s. Defendant referred to the probation office for presentence investigation. Presentence Report due by 5/1/2023. Sentencing Memoranda due by 5/22/2023. Sentencing set for 5/31/2023 at 10:00 AM in Courtroom 16 before Judge Reggie B. Walton. Bond Status of Defendant: Remains on personal recognizance; appeared via video. Court Reporter: Stacy Heavenridge. Defense Attorney: Carolyn Stewart. US Attorneys: Brian Daniel Brady and Andrew Haag. (zcdw) (Entered: 02/01/2023) |
| 01/31/2023 | 82 | PLEA AGREEMENT as to DANIEL GOODWYN. (zcdw) (Entered: 02/01/2023) |
| 01/31/2023 | 83 | STATEMENT OF OFFENSE by USA as to DANIEL GOODWYN. (zcdw) (Entered: 02/01/2023) |
| 02/03/2023 | 84 | Consent MOTION to Modify *Dates Using Fed R. Crim P. 32*, MOTION for Order Reset dates related to sentencing by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) (Entered: 02/03/2023) |
| 02/15/2023 | 85 | ORDER as to DANIEL GOODWYN (See Order For Details) Signed by Judge Reggie B. Walton on 02/15/23. (mac) (Entered: 02/15/2023) |
| 03/14/2023 | 86 | ORDER as to DANIEL GOODWYN: granting in part and denying in part 84 Defendant's Unopposed Motion to Apply Rule 32 Times Based on the Presentencing Report Delivery, with Memorandum of Law. Presentence Report due by 4/25/2023. Signed by Judge Reggie B. Walton on March 14, 2023. (zalh) (Entered: 03/15/2023) |
| 03/24/2023 | 87 | ORDER as to DANIEL GOODWYN. Final Presentence Report due by 5/1/2023. Sentencing continued to 6/5/2023 at 10:00 AM in Courtroom 16– In Person before Judge Reggie B. Walton. See order for details. Signed by Judge Reggie B. Walton on March 24, 2023. (zalh) (Entered: 03/27/2023) |
| 03/27/2023 | 88 | MOTION for Sentencing via VTC re 87 Order,, Set Deadlines/Hearings by DANIEL GOODWYN. (Attachments: # 1 Exhibit proposed order)(Stewart, Carolyn) Modified text on 3/27/2023 (zstd). (Entered: 03/27/2023) |
| 04/07/2023 | 90 | ORDER as to DANIEL GOODWYN: denying 88 Unopposed Defendant's Motion for Sentencing Via VTC. Signed by Judge Reggie B. Walton on April 7, 2023. (zalh) (Entered: 04/07/2023) |

| 04/20/2023 | 92 | MOTION to Withdraw as Attorney by Joseph D. McBride. by DANIEL GOODWYN. (McBride, Joseph) (Entered: 04/20/2023) |
|---|---|---|
| 04/20/2023 | 93 | MOTION for Leave to File *EXHIBIT A* by DANIEL GOODWYN. (McBride, Joseph) (Entered: 04/20/2023) |
| 04/21/2023 | 95 | ORDER as to DANIEL GOODWYN: granting 93 Motion for Leave to File Under Seal Exhibit A to Motion to Withdraw as Counsel. Signed by Judge Reggie B. Walton on April 21, 2023. (zalh) (Entered: 04/26/2023) |
| 04/28/2023 | 98 | ORDER as to DANIEL GOODWYN: granting 92 Motion to Withdraw as Counsel. Joseph Daniel McBride withdrawn from case. Signed by Judge Reggie B. Walton on April 28, 2023. (zalh) (Entered: 05/01/2023) |
| 05/15/2023 | | NOTICE OF ERROR as to DANIEL GOODWYN regarding 101 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to DANIEL GOODWYN. (This document is SEALED and only available to authorized persons.). The following error(s) were corrected: The corrected filing is at DE #102. (zstd) (Entered: 05/17/2023) |
| 05/18/2023 | 103 | SENTENCING MEMORANDUM by USA as to DANIEL GOODWYN (Haag, Andrew) (Entered: 05/18/2023) |
| 05/23/2023 | 104 | MOTION for Extension of Time to File *Sentence Memorandum* by DANIEL GOODWYN. (Stewart, Carolyn) (Entered: 05/23/2023) |
| 05/23/2023 | 105 | SENTENCING MEMORANDUM by DANIEL GOODWYN (Attachments: # 1 Exhibit sentencing Section 1752(a)(1)), # 2 Exhibit support letters)(Stewart, Carolyn) (Attachment 2 replaced on 5/23/2023) (zltp). (Entered: 05/23/2023) |
| 05/23/2023 | 106 | ORDER as to DANIEL GOODWYN: granting 104 Defendant's Motion for Leave of Court to Extend Time to File. Defendant's Sentencing Memorandum due by 5/23/2023. Signed by Judge Reggie B. Walton on May 23, 2023. (zalh) (Entered: 05/24/2023) |
| 06/01/2023 | | NOTICE OF HEARING as to DANIEL GOODWYN: Sentencing reset for 3:00 PM on 6/5/2023 in Courtroom 16– In Person before Judge Reggie B. Walton. (zalh) (Entered: 06/01/2023) |
| 06/05/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Sentencing as to DANIEL GOODWYN held on 6/5/2023. Sentencing is continued to 6/6/2023 at 1:30 PM in Courtroom 16– In Person before Judge Reggie B. Walton. Bond Status of Defendant: remains on Personal Recognizance; Court Reporter: Sherry Lindsay; Defense Attorney: Carolyn Stewart; US Attorney: Andrew Haag; Probation Officer: Jessica Reichler. (zalh) (Entered: 06/05/2023) |
| 06/06/2023 | | Minute Entry for proceedings held before Judge Reggie B. Walton: Sentencing resumed and concluded on 6/6/2023 as to DANIEL GOODWYN on Count 2s. Defendant sentenced to Sixty (60) Days of incarceration with credit for time served followed by One (1) Year of Supervised Release. Special Assessment of $25 imposed. Restitution of $500 imposed. Fine of $2,500 imposed. Defendant permitted to voluntarily surrender. Government's oral motion to dismiss the remaining counts; heard and granted. Bond Status of Defendant: remains on Personal Recognizance until self–surrender; Court Reporter: Sherry Lindsay; Defense Attorney: Carolyn Stewart; US Attorney: Andrew Haag; Probation Officer: Jessica Reichler. (zalh) (Entered: 06/08/2023) |

| 06/15/2023 | 108 | JUDGMENT as to DANIEL GOODWYN. Statement of Reasons Not Included. Signed by Judge Reggie B. Walton on 6/15/2023. (zstd) (Entered: 06/16/2023) |
|---|---|---|
| 06/15/2023 | 109 | STATEMENT OF REASONS as to DANIEL GOODWYN re 108 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Reggie B. Walton on 6/9/2023. (zstd) (Entered: 06/16/2023) |
| 06/30/2023 | 110 | NOTICE OF APPEAL – Final Judgment by DANIEL GOODWYN re 108 Judgment. Filing fee $ 505, receipt number ADCDC–10176871. Fee Status: Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(Stewart, Carolyn) (Entered: 06/30/2023) |
| | | *Main Document* |
| | | Attachment # 1 *Exhibit* |

## United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. )   Criminal No. 1:21-cr-00153 (RBW)
)
Daniel Goodwyn )

### NOTICE OF APPEAL

Name and address of appellant:

Daniel Goodwyn
2408 Creekwood Street
Corinth, Texas 76210

Name and address of appellant's attorney:

Carolyn Stewart
Stewart Country Law PA
1204 Swilley Rd
Plant City, FL 33567

Offense: 18 U.S.C. Section 1752(a)(1)

Concise statement of judgment or order, giving date, and any sentence:

Judgment order entered June 16, 2023 ECF No. 108, with Special Condition of
Supervised Release for Computer Monitoring/Search. The transcript provides that
computer monitoring/searches using installed devices and software will be by the
Probation Office to see if Appellant uses speech containing "disinformation."

Name and institution where now confined, if not on bail:

I, the above named appellant, hereby appeal to the United States Court of Appeals for the
District of Columbia Circuit from the above-stated judgment.

| 06/30/2023 | Daniel Goodwyn |
|---|---|
| DATE | APPELLANT |
| | Carolyn Stewart |
| | ATTORNEY FOR APPELLANT |

GOVT. APPEAL, NO FEE [ ]
CJA, NO FEE [ ]
PAID USDC FEE [ ]
PAID USCA FEE [✔]

Does counsel wish to appear on appeal?          YES [✔]   NO [ ]
Has counsel ordered transcripts?                YES [✔]   NO [ ]
Is this appeal pursuant to the 1984 Sentencing Reform Act?   YES [✔]   NO [ ]

14

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
 2

 3   UNITED STATES OF AMERICA,
                                        Criminal Action
 4             Plaintiff,               No. 1:  21-153

 5        vs.                           Washington, DC
                                        June 6, 2023
 6   DANIEL GOODWYN,
                                        2:00 p.m.
 7             Defendant.
     _____/
 8

 9                  TRANSCRIPT OF SENTENCING
             BEFORE THE HONORABLE REGGIE B. WALTON
10               UNITED STATES DISTRICT JUDGE

11
     APPEARANCES:
12
     For the Plaintiff:       ANDREW HAAG
13                            USAO
                              Criminal Division
14                            601 D Street NW
                              Washington, DC 20530
15

16   For the Defendant:       Carolyn Stewart
                              1204 Swilley Road
17                            Plant City, FL 33567

18

19

20

21
     Court Reporter:          SHERRY LINDSAY
22                            Official Court Reporter
                              U.S. District & Bankruptcy Courts
23                            333 Constitution Avenue, NW
                              Room 6710
24                            Washington, DC 20001

25
```

```
 1                        P R O C E E D I N G S
 2            THE COURTROOM DEPUTY:  This is criminal matter
 3   21-153, United States of America versus Daniel Goodwyn.  On
 4   behalf of probation, we have Jessica Reichler.
 5            May I have counsel approach the lectern and state
 6   your appearance, beginning with the government.
 7            MR. HAAG:  Good afternoon, Your Honor, Andrew Haag
 8   for the United States.
 9            THE COURT:  Good afternoon.
10            MS. STEWART:  Good afternoon, Your Honor.  Carolyn
11   Stewart for Daniel Goodwyn.
12            THE COURT:  Good afternoon.  Okay.  I took this
13   matter under consideration and gave a considerable amount of
14   thought on what was the appropriate thing to do in this case
15   and, ultimately, had to look at what occurred here and assess
16   what the appropriate sanction should be.  And first of all, the
17   defendant, as unfortunately as so many other of our fellow
18   Americans has accepted the false impression based upon
19   information that has been disseminated about the 2020
20   presidential election that somehow it was stolen.  And there is
21   just no proof whatsoever that that was, in fact, the case.  To
22   the extent that there may be some or may have been some
23   irregularities in the electoral process, there has been no
24   indication that those irregularities had any impact on the
25   ultimate outcome of the election.
```

1      There have been over 60 lawsuits that were brought

2  seeking to challenge the electoral result.  None of them have

3  been successful.  And judges from all aspects of the bench have

4  made that conclusion.  And as with so many other Americans, the

5  defendant accepted the false conclusion that the election had

6  been somehow stolen.  And there is no evidence that I have

7  heard that establishes a nexus between him having reached that

8  conclusion and his problem or situation with autism.

9      The defendant with the intention to protest the

10  election results, traveled all of the way across the country to

11  come here as he had a right to do.  And it is the American way

12  to protest peacefully, when protest is thought to be

13  appropriate.  But here, the protest became more than just the

14  peaceful protest in opposition to something that the American

15  citizenry -- at least some disapprove with.  While I can't say

16  to what extent the defendant is associated with the Proud Boys,

17  he clearly online did make statements indicating an association

18  with them and that he made the same statement that the former

19  president made when referencing the Proud Boys indicating stand

20  back and stand by.

21      And, again, there is no evidence that I have heard

22  regarding his autism that would establish a nexus between him

23  having made that statement and the autism from which he

24  suffers.  And he, after listening to apparently the former

25  president make his statements at his rally -- he then comes

1    down to the vicinity of the Capitol with a bullhorn.  He then

2    is exulting other rioters to find their way into the Capitol.

3            And counsel represents that he needs a clear

4    indication of something in order for him to appreciate what is

5    being expected or what is being denied.  And here, according to

6    the evidence that the government showed when he was on the

7    bullhorn, he made statements to the effect that a critical mass

8    was needed in order to accomplish the objective of impeding the

9    certification of the presidential election at a time when it

10   seems clear to me that he would have seen a larger number of

11   police officers who were, in fact, impeding the ability of

12   people to gain access to the Capitol.  And that statement, it

13   seems to me, is inconsistent with the suggestion that he had no

14   appreciation that he and others who were a part of the group

15   were not welcome inside of the Capitol.

16           And, again, there is nothing that would indicate that

17   his autism impacted on his perception in that regard.  The

18   defendant after he entered a plea of guilty, within several

19   months, then appears on the Tucker Carlson show.  And,

20   unfortunately, Mr. Carlson has been a lightning rod and he has

21   said and done things that I think clearly have been divisive.

22   And he, obviously, had an objective in the show that he had

23   when the defendant appeared on that show.  And that was to give

24   the impression that individuals who have been charged in

25   reference to the events on January 6th of '21 have been treated

1    unfairly.  And I see no evidence that, in fact, was the case.

2              But he sought to try and minimize, not only the

3    conduct of the defendant, but the conduct of others who have

4    been prosecuted as a result of what took place on that day.

5    And counsel suggests that the defendant did not have the

6    opportunity to correct the record.  But he made no attempt to

7    correct the record.  And when Carlson suggested that all the

8    defendant did was go into the Capitol and walk around for less

9    than a minute and leave, that just wasn't correct.

10             And that misinformation that is disseminated to the

11   American public has contributed to the discord that now exists

12   in our country in reference to the presidential election and

13   what occurred on January 6th.  And there are people who are

14   proclaiming that the individuals who have been prosecuted, who

15   are being detained as a result of that are being held as

16   political prisoners.  And there is just nothing that supports

17   that proposition.

18             But, nonetheless, it is something that parts of the

19   media have sought to portray.  And as a result of that have, in

20   fact, continued to stir up the anger that people have resulting

21   from the misinformation that has been disseminated to the

22   American public about the events that took place on January 6th

23   of '21.

24             And the defendant did not mention the fact that he

25   was on the bullhorn encouraging people to breach the Capitol,

1   which clearly he did when he made his statements.  And he did

2   not relate the fact that when he got to the door.  And it was

3   clear to me from the evidence that the government submitted,

4   the videos, that when he was at the door, it is clear,

5   considering what took place immediately thereafter, that the

6   police officer who had directed his attention to the defendant,

7   for whatever reason, was saying to the defendant that he could

8   not enter the Capitol.  Because as soon as the defendant

9   entered the Capitol, the officer went immediately after him

10  having previously been in contact with him and sought to try

11  and -- the evidence would show have him leave the Capitol.

12          The defendant sought to avoid him.  And then when the

13  officer came back in contact with him, again, the defendant had

14  the audacity to call the officer an oath breaker, which clearly

15  was, in my view, an inappropriate statement to make to a police

16  officer who was doing nothing other than carrying out his

17  official duties to protect the Capitol and to protect those at

18  the Capitol he has an obligation to protect.  And, again, there

19  is just no evidence whatsoever in the record that would suggest

20  that the defendant's autism caused him to either get on the

21  bullhorn and say the things that he did or to make that

22  inappropriate statement to that police officer.

23          And all of that, obviously, causes me very

24  significant concern, because the argument that has been made is

25  that his autism should be reason for the Court to basically

1     overlook what he did and not impose any punishment as a result

2     of the conduct that he engaged in.  And, again, there is just

3     no evidence that would support that was the case.  And the

4     defendant, even as of yesterday, still points out his concern

5     about allegedly individuals who were purportedly assaulted by

6     the police, and according to him, have died as a result of

7     those encounters.

8              I have seen no evidence that would indicate to me --

9     and I have seen hours and hours of the videos of what took

10    place that day.  I have seen nothing that would indicate that

11    the police did anything that would indicate they were acting

12    excessively.  The police were under assault.  Several police

13    officers, because of the violent nature of what they

14    experienced have committed suicide, another officer who died as

15    a result of the trauma he experienced as a result of that.

16             And the defendant's concern has been in reference to

17    these individuals who allegedly had a demise as a result of

18    their encounter with law enforcement.  Well, those individuals

19    put themselves in that position.  All the officers were doing

20    was carrying out their official duty trying to protect the

21    Capitol from those individuals.  So to the extent that there

22    were, in fact, individuals who were injured who allegedly died

23    as a result of their injuries -- which I don't know about other

24    than Ms. Babbitt, who is the only person I am familiar with who

25    suffered injuries and died as a result of that.  Again, he

1    associates himself with these individuals who were engaged in

2    wrongdoing as compared to the officers who were merely

3    performing their official duty.

4           And, again, that would suggest to me that despite

5    counsel's representations about him being contrite about what

6    he did and his representations about that, that just rings

7    hollow considering those sympathies that he has towards those

8    who created the problem as compared to those who were

9    performing their official duty.

10          And all of that -- and, again, there is nothing that

11   I have heard in the evidence that has been presented to me that

12   shows a nexus between his autism and his perspective about

13   these individuals and their alleged injuries and demise as

14   compared to what happened to the police officers.

15          So having reached all of those conclusions, I just

16   don't see how I can conclude that he should be treated any

17   differently because of his autism as compared to other

18   individuals who engage in similar conduct.  And I deemed it

19   appropriate on several occasions to impose something less than

20   a prison sentence on individuals who merely went into the

21   Capitol, did not do any damage to the Capitol and did not

22   engage in assaultive behavior.  Under those circumstances, I

23   thought that while I don't in any way condone what they did

24   because they contributed to the mob mentality that resulted in

25   what occurred on January 6th, I nonetheless felt under those

1   circumstances those individuals were entitled to a probationary

2   sentence as compared to a period of detention.  For those

3   individuals who have done more, I felt that that wasn't

4   appropriate.  And that includes not only what occurred on that

5   day, but things that they did thereafter.

6          And, clearly, one of the problems that we are

7   suffering as a country as it relates to the 2020 election and

8   the events that occurred on January 6th is this information

9   that continues to be disseminated to the American public.  And

10  as a result of that, is creating the dissension that exists in

11  America and that is just not good for the future of our

12  country.

13         And the defendant contributed to that by what he did

14  and what he said and didn't do when he appeared on the Tucker

15  Carlson show, because that misinformation that he contributed

16  to, in my view, contributes to what we are still experiencing

17  as a result of what occurred on January 6th of 2021.  And

18  absent, again, my conclusion that anything has been shown that

19  his autism should cause him to be treated differently than

20  other individuals, it is my conclusion that a period of

21  detention is therefore appropriate.

22         And then, obviously, the question becomes what is the

23  appropriate amount of time.  He has already apparently served

24  21 days.  And he should be given credit, obviously, for that.

25  But it is my conclusion that a period of detention for

1    punishment purposes, which is an appropriate factor to consider

2    is appropriate.  Also I think it is important that deterrence,

3    both specific and general, be a part of any sentence.  And I

4    would hope that individuals in the future would appreciate that

5    if they are going to engage in the type of inappropriate

6    behavior that occurred on January 6th that there are going to

7    be consequences.  And those consequences are going to result in

8    their freedom being denied, at least for some period of time,

9    with the hope that will cause individuals not to engage in this

10   type of behavior again.  And will send a message to others

11   discouraging them from engaging in such behavior.

12           I don't know if there is anything -- there would not

13   appear to be anything that would need to be done to provide him

14   with the skills and the coping mechanisms to not involve

15   himself in anything of this nature.  But I don't know if that

16   is true or not.  But I don't think that is really a significant

17   factor to consider.  Considering the types of sentences

18   available to me -- obviously, there are a lot of different

19   options.  But it has been my position in these cases and the

20   seriousness of these cases and what it has done to our country

21   that a sentence of something less than detention, absent those

22   situations that I explained earlier where someone just went

23   into the Capitol and did not do any damage and did not assault

24   individuals, that those alternative sentences are not an

25   appropriate sentence to impose in this case.  And I have

1    considered other individuals who have engaged in similar

2    conduct and what type of sentence they have received to avoid

3    not giving a sentence that is inappropriate -- different from

4    sentences given to other individuals who engaged in similar

5    conduct.  It is my view, again, that a period of detention is

6    appropriate.  And I would conclude that defendant should be

7    detained for a period of 60 days with credit for any time he

8    has already served.

9         I also would require he serve on supervised release

10   for a period of one year.  And that while he is on supervised

11   release, he cannot be rearrested for any reason whatsoever.

12   While he is on release for any offense, he also must fully

13   cooperate with his probation officer, which means he has to

14   meet with that person each and every time he is told to.  Also

15   there is no indication of drug use, but he cannot possess or

16   use illegal drugs.  He will have to be tested as required at

17   least once within 16 days of his release from his jail sentence

18   to see if he is using drugs.  And he also has to provide a

19   sample of his DNA so see if he is involved in further crime

20   that can be used to identify him.

21        I would, consistent with the parties' agreement,

22   require that he pay $500 in restitution.  The probation

23   department has done an assessment of his financial situation.

24   And while I in no way condone the fundraising that he engaged

25   in, it appears that he does not have the money to pay the fine.

1    And, therefore, I would impose a fine, but not the amount that

2    is being requested.  I would impose a fine in the amount of

3    $2,500.

4            Also, I would require that he participate in mental

5    health treatment, if that is deemed to be necessary and that he

6    remain in that treatment until it is no longer felt to be

7    necessary by the probation department.  Also until he has

8    satisfied his financial obligations to the Court that he

9    provide any financial information to the probation office that

10   is requested and that he not create any new financial

11   obligations by way of credit obligations until those amounts

12   are paid or he gets authorization to do that from the probation

13   department.

14           I also would impose a restriction that he not possess

15   any firearms or any other dangerous weapons while he is on

16   supervised release and that he maintain employment, if he is

17   able to do so while he is under supervision.

18           And since he has used social media in order to

19   provide what I consider to be disinformation about this

20   situation, I would require that he permit his computer use to

21   be subject to monitoring and inspection by the probation

22   department to see if he is, in fact, disseminating information

23   of the nature that relates to the events that resulted in what

24   occurred on January 6th of 2021.

25           The restitution is to be paid to the Architect of the

1    Capitol.  And those payments are to be made to the Court.  And

2    the Clerk's Office will then forward that money to the

3    architect.  I will also authorize the release of the

4    presentence report to the appropriate entities who need it in

5    order to carry out the orders of the Court.

6         The defendant does have a right to appeal his

7    conviction and his sentence to the Court of Appeals.  If he

8    cannot afford to pay for a lawyer to represent him on appeal or

9    if he cannot afford to pay for the papers to be filed with that

10   Court to let the Court know he wants to appeal, those expenses

11   will be paid free of charge by the government.

12        Probation, anything else?

13        MS. REICHLER:  Nothing additional at this time, Your

14   Honor.  Thank you.

15        THE COURT:  Anything else from the government?

16        MR. HAAG:  Your Honor, at this time, the defendant

17   having been sentenced, the government moves to dismiss the

18   remaining four counts of the indictment.

19        THE COURT:  Very well.  That motion is granted.

20        Anything else from the defense?

21        MS. STEWART:  Yes, Your Honor.  Since you have

22   determined that he should have --

23        THE COURT:  I will permit him to self report.

24        MS. STEWART:  Excuse me, sir?

25        THE COURT:  I will permit him to self report to the

1    facility where he is designated to serve his jail sentence.

2           MS. STEWART:  All right.  So self reporting.  And

3    also I would ask that you notate to the Bureau of Prisons his

4    request for minimum security, which would be a prison camp at

5    Bastrop, Texas, B-A-S-T-R-O-P.  And if that is not available,

6    second choice of El Reno; E-L, second word, R-E-N-O.  That is

7    in Oklahoma and also a minimum security camp.  But the request

8    is for minimum security imprisonment, Your Honor.

9           THE COURT:  I will recommend that he be permitted to

10   serve a sentence at a location as close to his family as

11   possible.  But I will leave it to the Bureau of Prisons to make

12   an assessment as to what his level of detention should be.

13          MS. STEWART:  Your Honor, in other cases it is

14   allowable.  I request here that at least we be allowed to enter

15   that his request is for minimum security.  It has happened in

16   other cases that the judge enters the minimum security request,

17   noted by the defendant.  The Bureau of Prisons doesn't have to

18   listen to us.  We understand that.

19          THE COURT:  Very well.  I will recommend that he be

20   held and detained at a minimum security facility.

21          MS. STEWART:  Thank you, Your Honor.

22          (Proceedings concluded at 2:23 p.m.)

23

24

25

15

<u>C E R T I F I C A T E</u>

I, SHERRY LINDSAY, Official Court Reporter, certify that the foregoing constitutes a true and correct transcript of the record of proceedings in the above-entitled matter.

Dated this 14th day of June, 2023.

Sherry Lindsay, RPR
Official Court Reporter

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| DANIEL GOODWYN | Case Number: 21-CR-153 (RBW) |
| | USM Number: 27932-509 |
| | Carolyn Stewart |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   2s of the Superseding Indictment filed on 11/10/2021

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1752(a)(1) | Entering and Remaining in a Restricted Building or Grounds | 1/6/2021 | 2s |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   ALL REMAINING COUNTS   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/6/2023
Date of Imposition of Judgment

Signature of Judge

Reggie B. Walton, U.S. District Judge
Name and Title of Judge

June 15, 2023
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
      Sheet 2 — Imprisonment

Judgment — Page   2   of    7   

DEFENDANT:  DANIEL GOODWYN
CASE NUMBER:  21-CR-153 (RBW)

## IMPRISONMENT

    The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) days on Count 2s with credit for time served.

☑  The court makes the following recommendations to the Bureau of Prisons:

    Defendant to be detained at FCI Bastrop, FCI El Reno, or any other minimum security facility located as close as possible to his family.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at   _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on   _____ .

    ☐  as notified by the United States Marshal.

    ☑  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

                                       _____
                                              UNITED STATES MARSHAL

                  By  _____
                                  DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:   DANIEL GOODWYN
CASE NUMBER:   21-CR-153 (RBW)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
One (1) year of supervised release on Count 2s.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
           pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:  DANIEL GOODWYN
CASE NUMBER:  21-CR-153 (RBW)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.　You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.　After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.　You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.　You must answer truthfully the questions asked by your probation officer.
5.　You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.　You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.　You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.　You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.　If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.　You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.　You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.　If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.　You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3D — Supervised Release

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## SPECIAL CONDITIONS OF SUPERVISION

Mental Health Treatment - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information until you pay the financial obligations imposed by the Court. The probation office may share financial information with the United States Attorney's Office.

Financial Restrictions - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Firearm Restriction - You shall remove firearms, destructive devices, or other dangerous weapons from areas over which you have access or control until the term of supervision expires.

Computer Monitoring/Search - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT: DANIEL GOODWYN
CASE NUMBER: 21-CR-153 (RBW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 25.00 | $ 500.00 | $ 2,500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Architect of the Capitol | | $500.00 | |
| Office of the Chief Financial Officer | | | |
| Attn: Kathy Sherrill, CPA | | | |
| Ford House Office Building, Room H2-205B | | | |
| Washington, DC 20515 | | | |

| TOTALS | $  0.00 | $  500.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☑ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　 Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  DANIEL GOODWYN
CASE NUMBER:  21-CR-153 (RBW)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  3,025.00  due immediately, balance due

　　　☐  not later than _____ , or
　　　☑  in accordance with ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
　　　_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
　　　_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
　　　term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
　　　imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

　　　The financial obligations are immediately payable to the Clerk of the Court for the U.S. District
　　　Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of
　　　address, you shall notify the Clerk of the Court of the change until such time as the financial
　　　obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

　　　Case Number
　　　Defendant and Co-Defendant Names          　　　　　　　Joint and Several          Corresponding Payee,
　　　(including defendant number)          Total Amount          Amount          if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.