UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00153 (RBW) |
| | ) | |
| DANIEL GOODWYN, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION FOR RETURN OF PASSPORTS AND PROPERTY

Comes now Daniel Goodwyn by and through undersigned counsel, and respectfully moves this court, pursuant to the completion of his case, with his status as having completed his prison sentence and now being on supervised release, to order the return to him of his passports that were sent to the clerk of this Court by the U.S. District Court for the Eastern District of Texas. He additionally requests Court reinforcement of the AUSA's direction to the FBI to return his personal property that is held by the FBI. The government does not oppose the motion and defers to the Court in this matter. The following supports this request:

**I.    BACKGROUND AND FACTS**:

Mr. Goodwyn was arrested on January 29, 2021 in Texas on a criminal complaint related to his presence at the U.S. Capitol on January 6, 2021. He was detained and then released on February 18, 2021. His home was searched when he was arrested, and electronics and personal items were seized by the FBI.

**A.  Passports**. Mr. Goodwyn's release conditions required that he surrender his passports. ECF No. 12. Mr. Goodwyn has dual citizenship and surrendered his United States and French passports to the U.S. District Court for the Eastern District of Texas on February 23, 2021. That court covers the geographical area where he was residing and placed under Pretrial Supervision. The Texas U.S. court clerk issued receipts 00230 and 00231 for the passports.

Mr. Goodwyn received his sentence from this Court on June 6, 2023 for violation of 18 U.S.C. Section 1752(a)(1). He completed the prison time ordered and entered into supervised release. His supervised release conditions do not require surrender or court retention of his passports. Mr. Goodwyn must receive approval from the supervisory release officer to travel outside his residence district.

On or about September 14, 2023, Mr. Goodwyn contacted the court clerk's office for the Eastern District of Texas to coordinate for the return of his passports. He was initially told they had been sent to the U.S. State Department and ICE. On September 20, 2023 Mr. Goodwyn visited the courthouse and the clerk said he would find where the passports were located. Mr. Goodwyn provided a copy of his Judgment Order with supervised release conditions for this case (ECF No. 108), his court receipts for the passports, and his contact information. Mr. Goodwyn received word later in the day that the Texas court was sending his passports to the clerk of this Court. This Courthouse's clerk's office received the passports on September 21, 2023. ECF No. 114.

This motion now serves as the request to have the passports returned upon the Court's direction for addressing the matter.

B. **Electronics and Personal Property**.  As part of the unpublished search warrant for this case, the FBI seized personal property, including electronic devices, from Mr. Goodwyn's home. The items have been in FBI custody since the end of January 2021. Data from his electronics was extracted via Cellebrite. The case is over, and the devices are no longer required for evidence. As is standard practice, the AUSA professionally and timely emailed the FBI case agent on September 14, 2023 to return the property to Mr. Goodwyn. In the interim time since then, the AUSA said he would check on what was causing any delay. As of this date, the FBI has not made any contact to return the property to Mr. Goodwyn.

This motion now serves as a request for this Court to reinforce the AUSA's instructions to the FBI and issue a date for completion of property return.

## II.     LEGAL STANDARD.

"Property seized in the course of an investigation must be returned at the close of criminal proceedings . . . unless it is (1) contraband, (2) needed as evidence, or (3) properly forfeited by the government." *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979).

Fed R. Crim P. Rule 41(g) applies for requesting the return of property prior to the close of the criminal proceeding. If used to request property return after the case is over, it will be treated as a civil complaint when and since the evidence is no longer needed. *Ford-Bey v. United States*, Civil Action No. 19-2039 (BAH), at *25 (D.D.C. Jan. 2, 2020). Rule 41(g) during pendency of the case requires any motion to be filed in the District Court where the property was seized. The January 6 cases have the FBI seizing property all across the United States where property is held locally, but where all trials and sentencings are conducted in the U.S. District Court for the District of Columbia. Rule 41(g)'s venue requirement no longer remains after the case is concluded with sentencing, and the court with jurisdiction for the case can release the property to the owner. In this case, Mr. Goodwyn's passports are held by the clerk of this Courthouse, while the FBI holds the other personal property.

> Although the D.C. Circuit has not offered guidance on the proper venue for motions for return of property filed after the conclusion of criminal or forfeiture proceedings, its precedents suggest application of Rule 41(g)'s venue provision after criminal proceedings have ceased would be improper. This Circuit has made clear that Rule 41(g)'s applicability extends only to property . . . seized 'for use in a criminal prosecution' and has suggested that its strictures are in place only 'in the context of an ongoing criminal proceeding.' *Price*, 914 F.2d at 1511 (quoting *In re Seizure Warrant* 830 F.2d at 374).

*Ford-Bey v. United States*, Civil Action No. 19-2039 (BAH), at *24 (D.D.C. Jan. 2, 2020).

The appropriate legal standard then is "the district court has both the jurisdiction and the duty to ensure the return to the defendant [of] property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir.1976).

According to *Ford-Bey*, this motion could be interpreted as a civil complaint and the property can be returned upon the motion. *Ford-Bey* at 25. But the simplest answer is to note that this Court has jurisdiction where, "It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case." *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976).

### III.   ARGUMENT.

#### A. **The Passports Are Not Required for Any Proceeding or as Evidence, Thus the Court Should Order Their Return to Mr. Goodwyn Through His Attorney**.

Because this Court through the clerk of the courthouse retains physical control of the passports, it should order their immediate return to Mr. Goodwyn by his preference for in-person pickup by the undersigned on his behalf. This Court concluded the above captioned-case at sentencing, and the passports were never required for evidence. There is no appeal or motion to overturn the conviction that would require the Court to retain the passports. Surrender of the passports to the Texas court was to prevent departure from the country without Court approval, should Mr. Goodwyn ever have been considered a flight risk. Because the Texas court forwarded the passports to this Court where the case was concluded under its jurisdiction, and Mr. Goodwyn's conditions of supervised release do not require surrender of passports, this Court should order their return to Mr. Goodwyn.

### B. Electronics and Personal Property

When property seized is no longer needed for evidence in the criminal case due to its conclusion as discussed by the caselaw in Section II above, the government can return the property to the owner without a civil suit complaint. It is standard procedure for AUSAs in these January 6th cases to direct the FBI to return to the owner the personal property that is not contraband and is no longer needed for evidence. The AUSA in this case directed the FBI case agent to return the property, yet no contact has been made with Mr. Goodwyn. This Court has jurisdiction and can order the government to return the property. But since the AUSA has already made a request, this Court should order the government to advise its case agent to heed the instructions for the property's return without further delay.

## IV. CONCLUSION.

Because this Court has jurisdiction, it should order the Courthouse Clerk to coordinate with the undersigned for the return of Mr. Goodwyn's passports either by in-person pickup by her or via tracked USPS, FEDEX, or UPS delivery to the below law firm address. Because this Court has jurisdiction, it should order the government to advise the FBI that it should return Mr. Goodwyn's personal property within fourteen days of issuance of the attached order.

WHEREFORE, Mr. Goodwyn respectfully requests that for good cause shown that the Court issue the attached proposed order for return of his passports and personal property.

Dated September 25, 2023        Respectfully submitted,
/s/ *Carolyn Stewart*

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
E: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 25th day of September 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.