UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00153 (RBW) |
| ) | |
| DANIEL GOODWYN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S EMERGENCY MOTION FOR STAY OF COMPUTER MONITORING PENDING APPEAL

Comes now the Defendant, Daniel Goodwyn, by and through undersigned counsel, and respectfully moves this court to stay the order for Probation Services to install computer and phone monitoring software and the associated surveillance until such time as his appeal is decided by the U.S. Court of Appeals for the D.C. Circuit. The government opposes despite no standards existing for the surveillance. The following supports this request:

In its Order on February 1, 2024, the U.S. Court of Appeals for the D.C. Circuit vacated the computer monitoring special condition of release as ordered by this Court in June 2023. The Per Curium Order was based upon the official docket record not supporting the monitoring and:

> The district court plainly erred in imposing the computer-monitoring condition without considering whether it was "reasonably related" to the relevant sentencing factors and involved "no greater deprivation of liberty than is reasonably necessary" to achieve the purposes behind sentencing. 18 U.S.C. § 3583(d)(1), (2); see *United States v. Burroughs*, 613 F.3d 233, 242–46 (D.C. Cir. 2010). If the district court decides on remand to impose a new computer-monitoring condition, "it should explain its reasoning," "develop the record in support of its decision," and ensure that the condition accords with 18 U.S.C. § 3583(d) and constitutional protections. *Burroughs*, 613 F.3d at 246.

USCA for D.C. #23-3106 Document #2038504 Filed: 02/01/2024

The Court ordered Mr. Goodwyn to show cause why it should not impose computer monitoring. Mr. Goodwyn timely filed his show cause response at ECF No. 122 on May 10, 2024.

The Government filed a Response on May 23, 2024. It included deliberate misrepresentations and an attempt to manufacture a new record using Mr. Goodwyn's post-sentencing work that mentioned January 6th, where nothing showed use of a computer or the internet to facilitate the Section 1752 trespass crime of conviction, or any crime at all. ECF No. 123. Nothing showed illicit use of a computer or the internet. The government disagrees with Mr. Goodwyn's legal speech and is weaponizing the law to stop protected speech.

The government wrongfully equated the special condition for supervised release to standard conditions of supervised release, advising the Court that it can impose computer monitoring the same as if it were a standard release condition. The Court's comments on June 27, 2024, showed agreement.

The government's Response included fabricated hyperbole, with nothing showing use by Mr. Goodwyn of a computer or phone to facilitate his non-violent Section 1752 trespass - and nothing criminal ever. Mr. Goodwyn's Reply on May 30, 2024, called out the government's misrepresentations and reiterated the applicable statutes and caselaw. ECF No. 125.

The Court held a hearing on June 27, 2024. Despite <u>nothing in the record showing any use of a computer or electronic device to facilitate</u> 18 U.S.C. § 1752 trespass on January 6, 2021 as required, the Court agreed with the government that Mr. Goodwyn "uses social media" and that his "use could cause" something to happen given the upcoming election. The Court speculated that Mr. Goodwyn – on his own – can cause a mass protest at the U.S. Capitol with reenactment by all parties of events on January 6, 2021.

The Court did not apply USSG § 5D.1.3(b) that requires discretionary supervised release conditions to be reasonably related to the nature and circumstances of the offense; and involve no greater deprivation of liberty than is reasonably necessary for the purpose set forth above. ECF

No. 122 at 12. The Court was unfamiliar with ECFs No. 122 and 125 as shown when it demanded where the U.S. Sentencing Guidelines addressed that the computer or internet must have facilitated the crime convicted of when limiting computer use or services as a special release condition. ECF No. 122 at 13 and No. 125 at 7 both noted the policy guidance, and the Court was given the citation.

The Court was advised that because of the sources and sensitive journalistic nature of Mr. Goodwyn's work, he would become unemployed if his computer, emails, texts, social media, and call logs were surveilled - and this was a direct limitation of his occupation. The Court incorrectly stated that the 24/7 spying would not limit computer use or employment. The Court was advised that the least restrictive means do not include getting a defendant fired because he cannot perform in his occupation when surveilled. The Court was advised that USSG Section 5F1.5 required special scrutiny and the imposition of monitoring was a great deprivation of liberty without cause. The Court was advised that no standards exist for this extreme 24/7 surveillance intrusion on First and Fourth Amendment rights.

Despite there being no standards to implement this computer and internet monitoring, where the Court did not consider the special scrutiny required for computer monitoring that will impact employment (given Mr. Goodwyn's work with sources and investigative journalism), the Court reimposed the special condition. There was nothing developed from the record (or in the DOJ's insistence that Mr. Goodwyn's use of social media was concerning) to show computer or internet use facilitating any crime by Mr. Goodwyn. The Court speculated that Mr. Goodwyn's speech on social media, regardless of nothing illicit, could cause another January 6th. Because the First and Fourth Amendments with related case law have been disregarded, Mr. Goodwyn will prevail on appeal. In the interim, he should not lose his ability to work in his profession just because the government disagrees with his lawful speech that did not and will not ever facilitate any crime.

## CONCLUSION

Because of this Court's decision, Mr. Goodwyn has been notified of employment termination. Because Mr. Goodwyn is likely to win his appeal on the facts and legal merits, including Constitutional challenges if the Appeals Court decides to reach those issues, he requests a stay on computer monitoring implementation so that he may continue to earn a living in his profession while the Appeal is decided. He cannot continue in his profession and he loses his work immediately when the government implements spying on all his communications and searches. This is fact.

Wherefore, for good cause shown and in the interests of justice, the Court should immediately issue its minute order for the June 27, 2024 hearing so that Mr. Goodwyn can file his appeal; and should issue the attached proposed Order staying implementation of computer monitoring, with a government Response, if any is allowed, due to this Court by July 1, 2025.

Dated June 27, 2024                                         Respectfully submitted,
                                                            /s/ Carolyn A. Stewart

                                                            Carolyn A. Stewart, Bar No. FL-0098
                                                            Defense Attorney
                                                            Stewart Country Law PA
                                                            1204 Swilley Rd.
                                                            Plant City, FL 33567
                                                            Tel: (813) 659-5178
                                                            E: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 27th day of June 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn A. Stewart
Carolyn A. Stewart, Esq.