UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-153 (RBW) |
| v. : | |
| : | |
| DANIEL GOODWYN, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STAY COMPUTER MONITORING PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to "Defendant's Emergency Motion for Stay of Computer Monitoring Pending Appeal." ECF No. 126. The defendant, Daniel Goodwyn, requests the Court stay its ruling reimposing the computer monitoring condition because Goodwyn will be fired from his job and because "[t]he Court was unfamiliar with ECFs No. 122 and 125" which cited to U.S.S.G. § 5D1.3(b). ECF No. 126 at 2-3.

The Court should deny the stay, because the defendant's incorrect reading of the law is not "likely to succeed on the merits" and staying the Court's order is against the "public interest" by running out the clock on the special condition of release. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

**ARGUMENT**

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id*. The third and fourth factors "merge" when a party moves for a stay against the

1

government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). In this case, the defendant seeks to stay a condition of his supervised release,[1] which enables the probation office to monitor his computer. ECF Nos. 122, 125, 126. As this Court previously articulated, upon remand, the defendant's computer monitoring condition is reasonably related to the statutory sentencing goals of protecting the public, specific deterrence, and will not result in any greater deprivation of liberty necessary to meet those goals.[2]

I. **THE DEFENDANT HAS NOT "MADE A STRONG SHOWING THAT HE IS LIKELY TO SUCCEED ON THE MERITS" BECAUSE HE REHASHES HIS FAILED ARGUMENTS AND MISSTATES THE LAW.**

*Computer Monitoring is Reasonably Related to the Offense*

The defendant states that "[t]he Court was unfamiliar with ECFs No. 122 and 125 as shown when it demanded where the U.S. Sentencing Guidelines addressed that *the computer or internet must have facilitated the crime convicted* of when limiting computer use or services as a special release condition." ECF No. 126 at 3 (emphasis added). This assertion, however, is a misrepresentation of how the Guidelines function and relevant circuit precedent. With respect to discretionary conditions of supervised release, the Guidelines states that:

---

[1] The defendant was released from custody on August 25, 2023, and was placed on supervised release for a period of one year. Accordingly, his term of supervised release should terminate on approximately August 25, 2024.
[2] The Court has not issued its written order stating its reason for reinstating the defendant's computer monitoring condition. This assertion is based on counsel's recollection of the oral pronouncement. A transcript was not able to be ordered due to the expedited briefing schedule.

> The court may impose other conditions of supervised release to the extent that such conditions (1) are *reasonably related to (A) the nature and circumstances of the offense* and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b) (emphasis added). This broad statement allows courts to fashion appropriate conditions of supervised release that are tied to the offense in question.

In addition to this subsection on discretionary conditions, the Guidelines also includes a subsection on "special conditions." U.S.S.G. § 5D1.3(d). This subsection lists a series of factual scenarios and recommends certain conditions to address those scenarios. In addition to the narrow predicate cases, the Guidelines also note that the conditions "may otherwise be appropriate in particular cases." *Id.* Thus, this subsection functions to give courts guidance on certain conditions that may be appropriate in the enumerated cases or in other particular cases. Among the factual scenarios are sex offenses. U.S.S.G. § 5D1.3(d)(7). For such offenses, the Guidelines recommend "[a] condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items." U.S.S.G. § 5D1.3(d)(7)(B).

In *United States v. Burroughs*, the D.C. Circuit addressed a case where the defendant was convicted of a sex offense, but he did not use a computer or an interactive computer service to facilitate the crime. 613 F.3d 233, 242 (D.C. Cir. 2010). The Court ultimately vacated the computer monitoring condition of the defendant's supervised release because there were "no facts making the computer restrictions reasonably related to the nature and circumstances of Burroughs's offense." 613 F.3d at 243. To support his current argument, the defendant latches onto *one* sentence of the opinion, which states that the Guidelines recommend a computer monitoring condition "only

3

'in cases in which the defendant used such items." *Id*.; ECF No. 125 at 3. The defendant infers from the use of "only" that the D.C. Circuit thus held that computer monitoring conditions can only be applied in cases where a computer was an instrumentality of the crime. ECF No. 123 at 13-14. This conclusion, however, is simply not the holding of *Burroughs*. Indeed, in the sentence immediately after the one quoted by the defendant, the Circuit explicitly recognized that such a condition may be "appropriate in cases where the defendant did not use them to facilitate his crime," just not "*categorically* appropriate." *Burroughs*, 613 F.3d at 243 (emphasis added). Where the Guidelines don't categorically recommend computer restrictions, the *Burroughs* court concluded that the government must point to "facts making [] computer restrictions reasonably related to the nature and circumstances of [a defendant's] offense." *Id.*[3]

Here, the defendant admitted to utilizing a computer and social media related to the nature and circumstance of the offense of he was convicted. *See* Statement of Offense, ECF No. 83 at 3-7; ECF No. 123. Further, as the government addressed during the status conference on June 27, 2024, the defendant continues to utilize his computer and social media in a manner related to his offense. For example, on June 6, 2024, the defendant posted a portion of the government's filing in support of reissuing the computer monitor condition onto his Instagram account. Figure 1 (below). The portion, however, was edited to include government counsel's signature block. Then, on the same day of the hearing, the defendant edited his Instagram account to further highlight government counsel's name. Figure 2.

---

[3] Indeed, subsequent to the D.C. Circuit's opinion in *Burroughs*, the District Court reimposed the computer monitoring condition after making a more fulsome factual finding as required by the Circuit. *United States v. Burroughs*, No. 07–cr–126 (RJL), ECF No. 39 (D.D.C. Nov. 9, 2010). This is exactly the scenario presented in this case, given its procedural history.



*Figure 1: Goodwyn's Instagram post from June 7, 2024*

*Figure 2: Goodwyn's Instagram account citing to government counsel by name (accessed June 28, 2024)*

Using computers and social media, Goodwyn raised funds for his crime, and he messaged and posted about his crime. *See* Gov't Sent. Mem., ECF No. 103 5-6. Since January 6, he has used the same to continue to harass and spread counterfactual claims. Thus, computer monitoring and social media restrictions are "reasonably related to . . . the nature and circumstances of the offense." U.S.S.G. § 5D1.3(b). Given the court's factual findings, there is not a "strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 426.

5

## II. THE DEFENDANT WILL NOT BE IRREPARABLY INJURED ABSENT A STAY.

The defendant will not be irreparably injured by computer monitoring for less than two months. The defendant is a self-employed "independent journalist" according to his statements to probation and letters attached to his sentencing memorandum. ECF No. 99 at ¶ 88; and ECF No. 105-2 at 32. His employer, David Sumrall – a repeated defense witness in January 6 prosecutions – wrote a letter to the Court for the defendant's sentencing and noted he supported the defendant through years of pretrial monitoring and home detention. *Id*. Yet, Goodwyn *now* tells the Court that Mr. Sumrall will fire Goodwyn due to computer monitoring for less than 40 business days. This claim rings hollow (and to the extent it is accepted, should only be done after a careful colloquy). In this context, however, the Court did not prohibit Goodwyn from research, newsgathering, utilizing social media, or utilizing a computer. In other words, the computer monitoring does not prevent the defendant from using his computer. Rather, he is only restricted from engaging in behavior related to his conduct at the U.S. Capitol on January 6 and monitored during the course of his release. Thus, the defendant will not be irreparably harmed by less than two months of monitoring.

## III. THE STAY OF THE COURT'S ORDER WILL HARM THE PUBLIC AND IS AGAINST THE PUBLIC'S INTEREST.

As the Court stated during the hearing on June 27, 2024, the monitoring condition is necessary to protect the public from the defendant and deter recidivistic acts by him. A stay of the condition would thus be against the public interest.

## IV.     CONCLUSION

As the defendant has failed to meet his burden to show that a stay is necessary in this case, the government respectfully requests that the Court deny the defendant's emergency motion for a stay.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Brian Brady
Brian Brady
Trial Attorney, Department of Justice
DC Bar No. 1674360
1301 New York Ave. N.W., Suite 800
Washington, DC 20005
(202) 834-1916
Brian.Brady@usdoj.gov
